## LEE vs. LEE.

1. A demand once barred by the statute of limitations, and afterwards revived by a new promise, cannot be pleaded, at Law, as a set-off to an action commenced during the existence of the statutory bar.

2. The defendant, in an action at Law, cannot plead, as a set-off to plaintiff's demand, a judgment existing against plaintiff, unless defendant had a legal title to that judgment when the action was commenced, even though he may then have had an equitable interest in it.

3. In either case (above specified,) where there are peculiar equities between the parties, such as, that the indebtedness of the defendant at Law was created with reference to his demand against the plaintiff, and with the understanding that they should be included in a future settlement; and that plaintiff at Law is insolvent, Equity will relieve the defendant by enjoining the action, at Law, and taking cognizance of the matters in controversy.

**SET-OFF IN EQUITY.** "Upon the assumption that this plea set forth a demand by the defendant against the plaintiff, it was, in substance, good. The general rule, that in order to authorize a defendant to plead a set-off, his demand against the plaintiff must have been in existence before the bringing of the latter's suit, is not applicable when there is a valid equitable ground for allowing the defendant to plead as a set-off a demand against the plaintiff originating after the commencement of the action. **Both insolvency and non-residence have been recognized by this court as constituting good grounds for equitable set-off.** See Lee v. Lee, 31 Ga. 26; Camp v. Pace, 42 Ga. 161; Harwood v. Andrews, 71 Ga. 784; Livingston v. Marshall, 82 Ga. 281; Barrow v. Mallory, 89 Ga. 76." Bibb Land-Lumber Company v. Lima Machine

In Equity, in Troup Superior Court. Decision by Judge BULL, at chambers, on the second day of February, 1860.

Charles S. Lee filed his Bill in Equity, in the Superior Court of Troup county, against Moses Lee, alleging: That in the years 1833 and 1834, and after that time, he paid off for his brother, the said Moses Lee, divers judgments, obtained in the Superior Court, and in the Justice's Court of Greene county, Georgia; that some of the judgments so paid off were obtained against the said Moses Lee alone, and some were obtained against the said Moses Lee, as principal, and the complainant, as security. That the complainant also, at the special instance and request of the said Moses Lee, paid off divers notes, accounts, debts, bank drafts, etc., against the said Moses Lee, on some of which the complainant was security for the said Moses Lee; that these debts, notes, accounts, bank drafts, etc., amounted in the aggregate to the sum of five thousand eight hundred dollars, or about that sum; that, before that time, the said Moses Lee had been largely indebted to the complainant, but the same was discharged in property, delivered by the said Moses Lee to the complainant. That, afterwards, Francis H. Cone and others obtained judgments against the said Moses Lee, amounting to a large sum of money, and caused the executions issued therefrom to be levied on the property so delivered by the said Moses Lee to the complainant, whereby the complainant was compelled to, and did, pay off the judgments to save his property; that said Moses Lee resisted the payment of some of these debts, on the ground that they were gambling debts, but, failing to sustain his defence by proof, judgments were obtained upon them; that, being about to remove from the county of Greene, complainant engaged the Hon. Thomas Stocks to act as his agent in taking up these debts and judgments, and having them transferred to the complainant; that said Moses Lee, being insolvent and unable to discharge the said liabilities, the complainant knew full well that he would have to grant to his brother long indulgence, which he was willing to do. That the said Thomas Stocks paid off and took up, as the agent of complainant, divers judgments and debts against the said Moses Lee, as principal, and the complainant and others, as security, but failed to have the entry of payment by the complainant, as security, made on said

Works, 104 Ga. 118. "In cases of insolvency, there are peculiar equities which will be seized upon and enforced." Harwood *v.* Andrews, 71 Ga. 786.

"The right of a court of equity in this State to take jurisdiction to enforce a set-off extends to cases where there is an intervening equity not reached by the law, or where the set-off is of an equitable nature. See Civil Code, §3996. **Insolvency** has been **recognized as a distinct equitable ground of set-off.** Lee *v.* Lee, 31 Ga. 26; Moody *v.* Ellerbie,

judgments; that said Thomas Stocks took up divers judgments against the said Moses Lee, which were transferred on separate pieces of paper; that the said Stocks, after exhausting the funds left with him by the complainant, for the purpose of paying off said debts and judgments against the said Moses Lee, advanced of his own funds by way of a loan to the complainant (and which the complainant afterwards refunded), and had some of the judgments transferred to himself, intending such transfer as a memorandum only of the amount so advanced and loaned to complainant, whilst the transfers were really intended for the complainant, and the *fi. fas.* were accordingly delivered by said Stocks to complainant, but without any written transfer of the same. That said Stocks made out and delivered to the complainant a list of the debts and judgments thus paid by him, as the agent of the complainant, as aforesaid, which the complainant still has in his possession, and which shows the amount to be as hereinbefore alleged; that the said Stocks, in taking the transfers aforesaid, took them of the *fi. fas.*, whilst it was intended by the parties to be a transfer and assignment of the judgments from which the *fi. fas.* issued. That complainant kept all these judgments and other liabilities, until the judgments became dormant, having perfect confidence in his said brother, or, at least, not desiring to press him with the law; that after all of the foregoing transactions, to wit: some time in the year eighteen hundred and forty———, the said Moses Lee was elected Clerk of the Superior Court of Troup county, and held the office for several terms, by means of which he acquired some more money than his immediate wants demanded and from time to time he advanced to the complainant sums of money for which the complainant gave his due bills; that on or about the third day of Febraury, 1845, for the sake of convenience merely, the complainant aggregated the amounts of said due bills up to that date, and gave his note to the said Moses Lee for twenty-four hundred and eighty-nine dollars and twelve cents cash borrowed, it being intended by complainant and understood between him and the said Moses Lee, that the amount of said note should be applied, on a settlement, to the debts held by the complainant against the said Moses. That the said Moses subsequently intermarried with the daughter of one John H. Broughton, and received from him a considerable amount of

36 Ga. 666; Tommey *v.* Ellis, 41 Ga. 260; Camp *v.* Pace, 42 Ga. 161; Melson *v.* Dickson, 63 Ga. 682; Harwood *v.* Andrews, 71 Ga. 784; Georgia Seed Co. *v.* Talmadge, 96 Ga. 256 (1); Bell *v.* Ober, 111 Ga. 668. In the following cases **non-residence** is **recognized as a sufficient reason** for equitable interference, though no direct ruling is made on the subject; Bonaud *v.* Sorrell, 21 Ga. 108; Barrow *v.* Mallory, 89 Ga. 76; Giles *v.* Bank, 102 Ga. 702; Harden *v.* Lang, 110 Ga. 392; Bell *v.* Ober, 111 Ga. 668.

property, which, however, was only a loan by the father to the daughter; that some time thereafter, the wife of the said Moses died, and the said Broughton, who was also the father-in-law of the complainant brought suit against the said Moses Lee for the property so loaned, and the said Moses, suspecting that the complainant did not take sides with him in said lawsuit against his father-in-law, became offended, and, whilst the complainant, then being a citizen of the State of Alabama, was on a visit to his said brother, he, the said Moses, deeming (as he said) all the debts held by complainant against him barred by the Statute of Limitations, instituted his action of Debt and Bail against the complainant, returnable to the February Term, 1851, of Troup Inferior Court; that complainant duly filed his answer and pleas to said action, proposing to set-off the aforesaid claims, held by the complainant against the said Moses. That, although the complainant did not, in his plea of set-off, set forth all the debts and judgments taken up and held, as aforesaid, he did set forth more than sufficient to cover the amount of said note, sued on in said action. That, when said cause came on for trial, on the appeal, in the Superior Court of Troup county, the complainant proved the payment of said debts and judgments, as aforesaid, and proved the facts hereinbefore set forth about the transfers, and proved by the said Stocks that the judgments and debts paid off by him, were paid off as agent of complainant, and that they were transferred, as aforesaid, for the reasons aforesaid, and that the judgments and debts really belonged to complainant, and, also, proved by one Edward Broughton, that in the year 1853, after said action was brought, that said Moses admitted to the complainant that he, the complainant, had paid the debts, specified in the amended plea to said action (a list of which was copied from the list furnished by Stocks, as aforesaid), amounting to four thousand nine hundred and twenty-seven dollars and thirty-two cents; that it had never been repaid; that it was still due, and he was willing to pay it. That, at the instance of said Moses Lee's counsel, the Judge, presiding at the trial, ruled, that the complainant could not set-off the claims and demands set forth in his pleas at Common Law, but that said demands, if available as a set-off at all, must be made so in a Court of Equity: 1. Because the *judgments* were not transferred, and that if the

In Livingston *v.* Marshall, 82 Ga. 281, it was held that the fact that a party was a non-resident and had no property in this State would authorize a court of equity to decree a set-off in favor of a person against whom the non-resident was seeking to enforce a judgment.   In Bibb Land-Lumber Company *v.* Lima Machine Works, 104 Ga. 116, there is a direct ruling to the effect that non-residence alone constitutes a good

transfer of the *fi. fas.* also carried with it a transfer of the judgment, yet the transfer being to Thomas Stocks, the legal title thereto was in Stocks, and not in the complainant. 2. Because the proof showed that the new promise made by said Moses Lee, was made after the suit was commenced, and that, as the claims were barred by the Statute of Limitations at the time the suit was brought, no right of action or set-off existed at that time; that said case was then continued by the Judge. to give the complainant an opportunity to file this bill. That the said Moses Lee is sued by the said John H. Broughton for nearly all, or at least for the larger portion of the property in his possession—the suit for which has been once tried and determined against the said Moses, and which is continued only in consequence of an appeal, entered by the said Moses. That said suit in favor of said Broughton is still pending on the appeal, besides which there are large executions against said Moses, one of which is transferred to one Jesse McLendon, for several thousand dollars, and complainant believes and states, that if the said Moses is allowed to prosecute his said action on said note to final judgment, he will force the money due thereon from the complainant, and the complainant will be unable to get the amount due to him by the said Moses, when he obtains judgments thereon, and would thus be defeated and deprived of his just rights. That complainant, being able to prove the facts set forth in his bill, does not ask a discovery from the said Moses, nor does he wish to trust his case and the rights involved therein, to the conscience of the said Moses, if for no other reason, because during the pendency of said action in favor of said Moses against the complainant, *testimony* by *interrogatories* has been actually *manufactured* in every particular, even as to the *witness,* and the *commissioners* and *facts,* and offered as evidence for the plaintiff: That said Moses, when detected, pretended that the testimony was taken by his counsel without his knowledge, but still the said Moses was willing to use it, and when, at one time, it was excluded on the ground that the interrogatories were defectively executed, the said Moses pretended to take them back for re-execution, and being, of course, unable to find either the witness or the commissioners, actually folded up the *old answers* in a new envelope and had them returned as *newly taken;* and that for this and other reasons, complainant, by this bill,

ground for equitable set-off." Hecht *v.* Snook & Austin Co., 114 Ga. 924-5, 926.

SET-OFF MUTUAL DEBTS. "Only mutual demands of the same nature can be set-off against each other; but the debts need not grow out of the same transaction, nor be the result of mutual dealings, nor have arisen between the same parties. Hence, a transferred chose in action which can be sued on in the name of the assignee may be used

Lee vs. Lee.

does not intend to make a witness of the said Moses, a character he has shown so much anxiety to assume.

The complainant prays, in his bill, that the said Moses Lee may be required to account with him; and that the amount of the note sued on by the said Moses Lee may be credited on the sums due the complainant against the said Moses; and that, until the hearing of this case, the said action at law in favor of the said Moses may be enjoined, and on the hearing be perpetually enjoined, and that the complainant may have a judgment against the said Moses for the balance due him over and above the amount of the note sued on, as aforesaid; and such other relief as the facts and circumstances of his case authorize and require.

Moses Lee set up a demurrer to the bill on the grounds: 1st. That the complainant does not, by his bill, make such a case as entitles him to the relief sought by said bill. 2d. That complainant shows by his said bill, that he has an adequate and ample remedy at common law, and does not make such a case as authorizes the interference of a Court of Equity in his behalf; and 3d. That there is no equity in said bill of complaint.

Upon this state of the case, the presiding Judge passed the following order, to wit:

"After carefully considering the facts stated in this bill, I am clearly of opinion that they give no jurisdiction to a Court of Equity. The claims of the complainant against the defendant are strictly *legal,* and there is no reason, that I can perceive, why they may not be proven in a court of law as well as in equity. The bill itself disclaims any purpose of discovery from the defendant, and I can see no ground, therefore, for the interposition of this Court. It is, therefore, ordered, that the demurrer be sustained, and the bill be dismissed; and that this order be entered of record on the Minutes of Troup Superior Court as of the regular term; the Court having held the decision for further consideration."

To reverse this decision of the Judge, the writ of error in this case is prosecuted.

B. H. HILL, for the plaintiff in error.

BULL & FERRELL, for the defendant in error.

---

as a set-off." Nix *v.* Ellis, 118 Ga. 345 (1, 2), 346. As to right of defendant to purchase choses in action and to use the same by way of set-off, see Whittaker *v.* Pope, 48 Ga. 13; Morrow *v.* Merchants' Bank, 35 Ga. 267; Civil Code, §3746; Meriwether *v.* Bird, 9 Ga. 594, 597.

*By the Court.*—JENKINS, J., delivering the opinion.

The judgment of the Court below is placed upon the ground that the complainant's demands are of a strictly legal character, and may be proven as well in a Court of Law as in a Court of Equity. The real question is, whether they may be established, by plea of set-off to the action pending at law, as well as by a proceeding in equity, engrafted upon that action. We regard the proposition of the Court below as an affirmation that they may.

There are two classes of these demands, amounting in the aggregate to a large sum, the consideration of which will furnish a test of the correctness of this proposition.

1. These are simple contract debts, barred by the Statute of Limitations at the time defendant commenced his action at law against complainant, but revived pending that action by a new promise.

The rule, strictly enforced at law, is, that the right of set-off has reference to the situation of the parties at the time of the commencement of the suit. *9th Geo. Rep.* 594, *sec.* 4.

The action at law between these parties was commenced after the bar of the Statute of Limitations had attached to complainant's simple contract demands, and before its removal by the new promise. Consequently, at the commencement of the suit at law, complainant had no existing cause of action— no right of set-off *quo ad* these simple contract debts.

2. These are judgments against defendant, purchased for complainant by an agent, with the agent's money (afterwards refunded by complainant), the agent having in the first place taken an assignment of those judgments to himself, and having neglected, when reimbursed his advances, to assign them to complainant, though regarding them as complainant's property.

To entitle him to set-off judgments, in an action at law, the defendant must show, first, That the judgments were in existence at the commencement of the action; and, secondly, That he was either the plaintiff of record, or the assignee *at that time;* in other words, that he had a legal title to the judgments at the commencement of the action. The averment is, that he had, then, only an equitable interest in them. The conclusion is, that he had not, as to this class of demands, an adequate remedy at law.

3. Has complainant a remedy in equity? It is correctly insisted that equity, in matters of set-off, follows the law, unless there be peculiar equities between the parties. Such equities will always induce its active interference.

"Courts of Equity will extend the doctrine of set-off, and claims in the nature of set-off, beyond the law, in all cases where peculiar equities intervene between the parties. These are so various as to admit of no comprehensive enumeration." 2d Story's Equity, §1437 a.

"Courts of Equity, in virtue of their general jurisdiction, will grant relief in all cases where, although there are mutual and independent debts, yet there is a mutual credit between the parties, founded, at the time, upon the existence of some debt, due by the crediting party to the other. By mutual credit, in the sense in which the terms are here used, we are to understand a knowledge, on both sides, of an existing debt due to one party, and a credit given by the other party, founded on and trusting to such debts as the means of discharging it." 2d Story's Equity, §1435.

The averments in the bill, disclose the following peculiar equities between the parties:

1. That complainant interposed for defendant's relief, when he was powerless to meet pressing demands, both parties understanding that complainant, thus becoming the creditor of defendant, must necessarily wait long for repayment.

2. The sums of money, from time to time advanced by defendant to complainant (being the consideration of the note sued on at law), were so advanced, in consequence of defendant's indebtedness to complainant, with the understanding that the note in question was to be cancelled on a future settlement of such previous indebtedness. Indeed, equity may well regard those advances as partial payments on account of defendant's indebtedness.

3. The insolvency of the defendant, and the utter hopelessness of complainant's demand, unless set-off against defendant's if not an independent and peculiar equity, in itself, greatly fortifies the other equities arising between the parties.

4. If the averments in complainant's bill be true, defendant is attempting to perpetrate a fraud, and that attempt it is the province of equity to thwart.

Believing, therefore, that complainant has no adequate remedy at law, and that equity is competent to release him,

we hold that the Court below erred in sustaining the demurrer and dismissing the bill.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed, upon the ground, that the Court erred in sustaining the demurrer and dismissing the bill, on the ground that the claims of the complainant were of a strictly legal character, and might have been insisted on at law as well as in equity.