```
98   279
s104 117
```

## BIBB LAND-LUMBER COMPANY *v.* LIMA MACHINE WORKS.

1. Where the superior and city courts of a given county, in order properly to regulate the conduct of the business pending in such courts, have mutually adopted rules which establish such a comity between the courts as to enable counsel employed in both to represent their clients in cases pending in each, and in a given case a conflict arises between such courts touching their authority under such rules, the construction of them is

for the superior court, and the city court, in such event, is con-
cluded by and must yield to the judgment of the superior court
rendered thereon.

2. Under the facts disclosed by the record, it was error for the
judge of the city court to refuse to "check" or suspend further
proceedings in the case pending before him, so as to allow the
counsel for the defendant therein an opportunity to attend the
trial of cases in the superior court, which, according to the
ruling of the judge of that court, communicated to the judge of
the city court, were, relatively to the case in the latter court,
entitled to precedence.

3. Enough appears from the record to show that because of the
enforced absence of counsel for the defendant during the latter
portion of the trial in the city court, the case there was not
properly tried, and the ends of justice require that it should be
tried again. Accordingly, the superior court erred in not sus-
taining the *certiorari.*

March 30, 1896. Argued at the last term.

*Certiorari.* Before Judge Hardeman. Bibb superior
court. April term, 1895.

*Steed & Wimberly* and *Hardeman, Davis & Turner,* for
plaintiff in error.

*A. Proudfit* and *Anderson & Anderson,* contra.

ATKINSON, Justice.

It appears from the record, that the superior court of the
county of Bibb, and a city court of said county which sits
by law in the city of Macon, have by mutual agreement
established a system of rules for the convenience of each
and for the convenience of members of the bar who practice
law in each of said courts. Among other of the rules so
established was one which provided as follows: "When
any case is called and the counsel for either party shall be
engaged in the trial of a case in the city or federal court in
Macon, such case shall be checked until the counsel so
engaged in the city or federal court shall conclude the trial
of such case, when the case so checked shall be in order for
trial according to its original place on the calendar."
Another provides that: "After a case is set down for trial,
the same will not be continued except for providential cause,

or from a cause which arises subsequent to the day the case is set down, or for a cause existing at the time the case is set down, but which shall not be discovered by the exercise of due diligence on the part of attorney or party." The last clause of rule No. 2 (the record not indicating what the full text of the rule was) is as follows: "The judge may, in his discretion, for special cause shown, assign causes for special days later than the week succeeding the day upon which the case is assigned."

The case now under review was pending in the city court of the city of Macon, and had been assigned for a day certain in that court. Certain causes pending in the superior court, in which the counsel for the defendant in the present case were of counsel, had been assigned for several days earlier than that assigned for the trial of the case in the city court, but in consequence of the illness of the circuit judge, these assignments had been vacated and the cases reassigned by him for the day fixed for the trial of this case in the city court. The cases reassigned in the superior court were some in which the resident circuit judge was disqualified, and he had procured the attendance of a judge of another circuit for the purpose of trying such cases. The case in the city court appears to have been called for trial at 9 o'clock a. m. (the usual time for the sitting of that court) of the day fixed for the trial thereof. The cases in the superior court were called in their order on the same day by the non-resident circuit judge. It appears that counsel for the defendant in that case, when the same was called up for trial, moved a postponement, for the time being, of the trial thereof, assigning as a reason the pendency for trial of the cases in the superior court above referred to. The motion to postpone was disallowed. The counsel then appeared in the superior court and asked that the assignment of those cases be vacated temporarily in order to enable them to complete the trial of the case in the city court. The superior court having deferred the trial of the cases until its

afternoon session, the trial of the case in the city court in the meantime proceeding, the circuit judge, at the afternoon session of the superior court, declined to further delay the trial of the cases there pending, notice of which was communicated to the city judge, together with a renewal of the motion to postpone further proceedings in the case in the latter court. The circuit judge requiring their presence in the superior court, the counsel were compelled to abandon the further trial of the case in the city court. It appears that, notwithstanding this conflict in the assertion of authority by the respective courts, the judge of the city court proceeded with the trial of the case therein pending, and, in the absence of counsel for the defendant, admitted evidence which might materially affect defendant's case. Upon this state of facts, from this judgment the defendant filed a petition for *certiorari*, which was answered by the judge of the city court. Upon the coming in of the answer, the defendant in the court below filed a traverse upon various grounds of exception; but a minute discussion of these grounds is not necessary in the determination of this case.

1, 2. In the hopeless conflict between what was alleged to have occurred and what did occur in the progress of this controversy touching the jurisdiction of the several courts, it is more than probable that the case was not tried in that calm, serene atmosphere which should surround a court in the progress of judicial investigation. It is not at all probable that the circumstances out of which this question was evolved will again occur, or that the question will itself again be raised; and hence a minute discussion of all the minor facts upon which the controversy at last may rest will be wholly unprofitable and useless as a guide for the courts in the future dispatch of business. We deem it only necessary to say that the superior court, as a court of original jurisdiction, is one of boundless power. Within the sphere of its own jurisdiction, judgments of the city

court are entitled to equal respect. In point of dignity as
measured by the respect due to them from the citizens of
this State, all courts are coequal, from that presided over by
the humblest magistrate in this land to its courts of last
resort. There is therefore no reason for the existence of
jealousy between these institutions to which are committed
the most sacred rights of the individual and the State. If,
however, conflicts should arise between them touching rules
of conduct prescribed by them for their own government
and for the control of the conduct of their officers, there
must be somewhere vested some power which will prevent
the citizen from being ground to powder between the
"upper and nether stone." Attorneys at law are officers
of both courts. They are examined for license and ad-
mitted to the practice of law by the superior courts, and by
virtue of a certificate of proficiency from such courts, they
are by law authorized to plead and practice in all the courts
of this State, except the Supreme Court. They are answer-
able first to the court from which they hold this commis-
sion, and are bound by law first to respond to its mandate;
and the courts of inferior jurisdiction should so regulate
their conduct as to conform to the order of business estab-
lished by the superior court.

The rules of practice established by the superior court
in this case were rules of that court. The interpretation
of those rules was for the superior court; and when the cir-
cuit judge ruled that the attorneys engaged in the city court
must present themselves at the bar of the superior court
to proceed with the trial of cases therein pending, the judge
of the city court should have yielded to such direction. We
will not presume that circuit judges will abuse the discre-
tion or capriciously exercise the power conferred upon
them in this matter; nor do we think, in view of the cir-
cumstances and facts under which the present controversy
arose, that there was a disposition to unduly exercise this
power. It will be borne in mind that a non-resident circuit

judge was presiding in the court for the purpose of trying cases in which the resident circuit judge was disqualified'; that a continuance at that time involved an indefinite postponement of these cases, at great inconvenience to the counsel and the parties, and with the constant prospect that these old cases remaining on the docket and undisposed of would seriously interfere with the dispatch of the public business in the future.

3. It was insisted upon the argument here, that whatever view this court might take of what transpired in the city court, the judgment of the city judge on the merits of the case was right and should not be disturbed. We have looked through the record carefully, and we are not prepared to say that this is a case in which a judgment was demanded for the plaintiff. It was the right of this defendant to have its case tried according to law, and to be represented by counsel at every stage of that trial; for if anything occurred upon the trial prejudicial to him to which he did not then object, he could not thereafter make the question upon its legality. Hence we deem it our duty, in view of the unfortunate conflict in which this defendant was involuntarily drawn, to remand this case that it may be tried under circumstances more favorable to the administration of even tempered justice. *Judgment reversed.*