## BIBB LAND-LUMBER COMPANY *v.* LIMA MACHINE WORKS, and *vice versa.*

1. The non-residence of the plaintiff affords equitable ground for the filing by the defendant of a plea of set-off, although the latter's demand against the former may have arisen after the commencement of the action.

2. Where a plea of set-off alleges that the plaintiff, a corporation, is indebted to the defendant "upon open account, as hereinafter set forth," and that the defendant sold and delivered to the plaintiff certain specified goods "at the dates shown in the bill of particulars hereto attached," and it appears from an inspection of the account attached to the plea that the same is made out in the defendant's favor against a corporation having a name different from that of the plaintiff, and this account purports to show that this latter corporation "bought of" the defendant the goods therein specified, such plea is not in all its allegations consistent; and if upon special demurrer thereto, pointing out its defects, it is not amended, there is no error in striking it. LITTLE, J., dissenting.

3. Though neither of the parties to a civil action pending in the city court of Macon may have demanded a jury trial before the close of the term to which the case was returnable, it was nevertheless within the power of the judge, at any term, to allow the case to be tried by a jury, if he saw proper to do so. There is nothing in the act of 1885, establishing this court, or in the amendatory act of 1894, which makes it his imperative duty to try any case without a jury.

Argued January 31,—Decided April 12, 1898.

Complaint. Before Judge Ross. City court of Macon. March term, 1897.

*Steed & Wimberly* and *Hardeman, Davis & Turner*, for Bibb Land-Lumber Company.

*Alexander Proudfit* and *Anderson, Anderson & Grace*, contra.

LUMPKIN, P. J.　This case was before this court at the March term, 1896 (98 *Ga.* 279), when a judgment of the superior court overruling a certiorari sued out by the Bibb Land-Lumber Company, complaining of a judgment rendered against it in the city court of Macon by the judge thereof, was reversed. The case having been remanded to that·court for a new trial, a jury was impaneled and a verdict rendered against this company.　It alleges in its present bill of exceptions that the court erred in striking, on demurrer, a plea of equitable set-off which it had filed in defense to the plaintiff's action.　The plaintiff below, the Lima Machine Works, also filed a bill of exceptions, alleging error in allowing the defendant a trial by jury.　The defendant's special plea which was stricken by the court alleged, in substance, that since the bringing of the action, and after the first trial thereof, the plaintiff became and still is indebted to the defendant "upon open account, as hereinafter set forth;" that the defendant had sold and delivered to the plaintiff lumber "at the dates shown in the bill of particulars hereto attached;" that the plaintiff was a non-resident of this State, and that unless defendant be permitted to plead and recover by way of set-off upon the account mentioned, it would be left without remedy to collect its claim in any of the courts·of this State.　Attached to the plea was a copy of the account therein referred to.· It was headed, "Lima Locomotive & Machine Co. bought of Bibb Land-Lumber Co.," and purported to show divers sales of lumber.　The demurrer to this plea was based upon two grounds: First, that "at the time of the commencement of the suit of plaintiff against the Bibb Land-Lumber Company, plaintiff was not indebted to said defendant in any amount whatever, and that at said time there were no mutual demands of any character existing between plaintiff and said defendant." Second, that "it appears from the plea filed by the said defendant, the said defendant seeks to set up in said plea an amount alleged to be due them by the Lima Locomotive and Machine Company, that said last-mentioned company is not now, nor

never has been, a party to said suit, and that said plaintiff is a separate and distinct corporation from said Lima Locomotive & Machine Company."

1. Upon the assumption that this plea set forth a demand by the defendant against the plaintiff, it was, in substance, good.   The general rule, that in order to authorize a defendant to plead a set-off, his demand against the plaintiff must have been in existence before the bringing of the latter's suit, is not applicable when there is a valid equitable ground for allowing the defendant to plead as a set-off a demand against the plaintiff originating after the commencement of the action.   Both insolvency and non-residence have been recognized by this court as constituting good grounds for equitable set-off.   See *Lee* v. *Lee*, 31 *Ga.* 26; *Camp* v. *Pace*, 42 *Ga.* 161; *Harwood* v. *Andrews*, 71 *Ga.* 784; *Livingston* v. *Marshall*, 82 *Ga.* 281; *Barrow* v. *Mallory*, 89 *Ga.* 76.

2. The plaintiff in this case was the "Lima Machine Works." The account attached to the defendant's plea, and therein referred to as constituting the basis of its set-off, was, as has been seen, made out against the "Lima Locomotive & Machine Co.," and this account purported to show that a corporation having the latter name had "bought of" the defendant the lumber specified.   Apparently, therefore, the defendant was seeking to set-off against the plaintiff a demand against an entirely different corporation, which, of course, would in no event be permissible.   If the corporation against which the defendant's demand really existed was in fact the "Lima Machine Works," it would have been an easy matter to say so in plain terms; and therefore we think, when the defect in the plea was pointed out by a special demurrer and not remedied by amendment, the court was right in sustaining the demurrer and striking the plea.

3. The only remaining question for determination is that presented by the bill of exceptions of the Lima Machine Works, viz., did the court err in allowing the defendant a jury trial? Upon the first hearing, the case was tried by the judge without a jury, neither party having entered a written demand for a jury trial.   When the case came on to be heard again, the

defendant made such a demand, and the judge, over the objection of the plaintiff, allowed it. The latter insisted that under the law governing the practice in the city court of Macon, this demand came too late. The 14th section of the act of August 14, 1885, by which that court was established, declares: "That the judge of said city court shall have power and authority to hear and determine all civil causes of which the said court has jurisdiction, and to give judgment and execution therein: provided always, that either party in any cause shall be entitled to a trial by jury in said court, upon entering a demand therefor, by himself or his attorney, in writing, on or before the call of the docket the first day of the term of said court at the term to which the cause is returnable, in all cases where such party is entitled to a trial by jury under the constitution and laws of this State." Acts of 1884–5, p. 473. This section was amended by the act of December 15, 1894, so as to make the same provide that the demand for jury trial might be made at any time "before the close of the term to which the cause is returnable." Acts of 1894, p. 214. The position taken by the plaintiff below was, that inasmuch as the defendant had failed to enter a written demand for a trial by jury within the time limited, it had no right, either at the trial term, or at any subsequent time, to demand such a trial. Be this as it may, we are quite certain that there is nothing in the act of 1885, or in the above-mentioned amendment thereto, which compels the judge of the city court of Macon to try any case without a jury. This act gives to him "power and authority to hear and determine all civil causes of which the said court has jurisdiction," in which jury trials have not been demanded within the time and in the manner prescribed, but does not make it obligatory upon him to do so.

The identical question with which we are now dealing was passed upon and settled by this court in *Central Railroad* v. *Gleason & Harmon*, 69 *Ga.* 200. The court then had under consideration the act establishing the city court of Savannah, which, among other things, provides that: "The judge of said city court shall have power and authority to hear and determine all civil causes of which the said court has jurisdiction, and to

give judgment and award execution thereon: provided, always, that either party in any cause shall be entitled to a trial by jury, upon entering a demand therefor, in writing, on or before the call of the docket of said court at the term to which the cause is returnable." Code of 1882, § 4924. The case is not fully reported, but the record on file in the clerk's office of this court disclosed that one of the grounds of the motion for a new trial filed by the Central Railroad Company was in the following language: "Because the court erred in having said cause tried before a jury in said court, over the objection of defendant's counsel, and not before the court alone, there having been no demand for jury trial entered in writing by either party on or before the call of the docket of said court at the term to which said cause was returnable, to wit, at the February term, 1882, said demand only being made when said cause came up for trial." It will be seen at a glance that the provisions as to jury trial in the act establishing the city court of Savannah are, for the purposes of our present question, the same as those embraced in the acts relating to the city court of Macon; and therefore, what was ruled in the case above cited is directly in point and controls the case at bar. In the opinion filed by Justice Crawford, it was said (pp. 205–206): "If it had been the purpose of the legislature, by the act conferring this power, to have required [the judge] to try all causes in his court where there was no demand for a jury, then the act would have read: 'The judge of said city court shall hear and determine all civil causes of which the said court has jurisdiction. . . Provided, always, that either party in any cause shall be entitled to a trial by a jury upon entering a demand therefor,' etc. But the act simply says that the judge shall 'have power and authority to hear,' etc., which words in our judgment might, and doubtless would have been omitted, had it been the purpose of the act to repeal the law as it stood before, and have made it the imperative duty of the judge to hear and determine the cases brought to his court whenever a jury was not demanded. As the words used confer a mere permissive grant of power to the judge, we are unauthorized to extend their meaning and legal effect to the end that they shall be made compulsory upon him."

In the present instance, it was peculiarly proper and becoming for the judge to exercise his discretion in allowing a jury trial. He had, at a previous hearing of the case, passed upon both the law and the facts, and therefore wisely determined to give to the parties an opportunity to be heard by twelve men who had neither formed nor expressed any opinion as to the merits of the controversy.

*Judgment in each case affirmed. Cobb, J., absent. The other Justices concurred, except as follows.*

LITTLE, J., dissenting. In this case the defendant pleaded a set-off, and alleged that the plaintiff was indebted to the defendant upon an open account as herein set forth, and that the defendant sold and delivered to the plaintiff certain specified goods at the dates shown in a bill of particulars attached. It appeared from an inspection of the bill of particulars, which was attached to the plea, that the same was made out in the defendant's favor against a corporation having a name different from that of the plaintiff. The majority of the court hold, that on a special demurrer to such plea (to which the bill of particulars was attached) the same should be stricken. From this I must dissent. Pleadings are the mutual altercations between the parties. The plaintiff alleged that the defendant was indebted to it in a certain amount; and defendant filed a plea of set-off, and in that plea distinctly averred that the plaintiff was indebted to it in a certain amount and for certain items as shown by the bill of particulars. There was no mistake in the averments of the plea, but the fact of the indebtedness by the plaintiff in this suit was distinctly alleged in the plea. As showing the items of merchandise, the dates of purchase and the prices, a bill of particulars was attached to the plea. The heading of the paper upon which these items were shown purported to show an account made out in a name different from that of the plaintiff, but the items were there, the dates were there, and the prices. So far as I am concerned, I think that the pleadings proper represent the matters of difference, and that it is a matter of no concern as to the heading of the paper on which the items pleaded as a set-off were placed, but that when the defendant distinctly averred that the plaintiff was indebted to him for certain arti-

cles purchased, according to a bill of particulars attached thereto, that reference to the bill of particulars was not to the heading, because such was wholly immaterial and not involved in the case, but to the items of goods, the dates of the purchase, and the prices, all of which were material and a part of the case. Suppose on special demurrer the defendant had, without adding to or taking from his plea, run a pencil-mark through all of the heading preceding the item, it would not have changed the plea nor any issue. It would, of course, have encumbered the record less not to have had any heading at all, nor was it necessary that one should be there, because the fact of liability was averred, not by the heading which preceded the bill of particulars, but in the averments of the plea. In my opinion the special demurrer should not have been sustained because of the heading which preceded the items on the bill of particulars.