## BELL *v.* OBER & SONS COMPANY.

1. There was no error in refusing to grant a nonsuit.
2. The execution of a recognizance payable to the plaintiff for the forthcoming of personal property, where bail has been required in an action of trover, does not estop the defendant from denying that he ever was in possession of the property to recover which the suit was instituted.
3. Evidence offered to establish by way of recoupment damages sustained by the defendant, though growing out of the same contract, is inadmissible in an action of trover, unless some special equity, such as the nonresidence or insolvency of the plaintiff, is shown to exist.
4. The direction of a verdict, under the facts of this case, was error.

Argued May 22, — Decided August 7, 1900.

Trover. Before Judge Spence. Decatur superior court. January 22, 1900.

*A. H. Russell* and *M. E. O'Neal*, for plaintiff in error.
*Townsend & Westmoreland* by *Harrison & Bryan*, and *A. L. Hawes*, contra.

LITTLE, J. Ober & Sons Company instituted an action of trover against J. L. Bell, for the recovery of 7,500 pounds of

lint-cotton of the value of six hundred and sixty-four dollars, and also eighteen promissory notes of the value of one hundred dollars, fully described in the petition. An affidavit for bail was made, and Bell with certain securities entered into a bond in the sum of sixteen hundred dollars as prescribed by section 4605 of the Civil Code, conditioned that the said Bell should produce on the trial all of said cotton and notes sued for, and for the forthcoming of all of said property to answer such judgment, execution, or decree as might be rendered or issued in the case. The defendant answered that he was not guilty; that the present suit arose out of business transactions between plaintiffs and defendant for the year 1890; that, relying on certain representations of the plaintiffs he had entered into a written contract with them and executed and delivered his note for 19,158 pounds of cotton, payable November 1, 1890; that said note and contract were obtained by fraud, etc. He denied any indebtedness to the plaintiffs. Plaintiffs introduced in evidence a note of defendant, dated May 9, 1890, for 19,158 pounds of cotton to be due Nov. 1, after date; also two contracts made with the defendant, covering the subject-matter of the note. The stipulations of the contracts, in brief, are as follows: Bell was appointed agent for the sale of plaintiffs' fertilizers at two places in Decatur county. Plaintiffs agreed to consign to him, for sale on commission, fertilizers to the value of a named amount. Such fertilizers were to be considered as the property of plaintiffs until sold, and such parts as remained unsold, and the proceeds arising from sales, should be held in trust for the plaintiffs by the defendant and subject to their order. Defendant was to keep an accurate account of sales, and render a statement of same, together with the names of purchasers, etc., and to protect the goods unsold. For all time sales made by the defendant, whether for cotton or currency, notes were to be taken on forms furnished by plaintiffs, and to be forwarded to plaintiffs by a given date, together with a statement of such sales and of goods remaining unsold. These notes would thereafter be returned to defendant for collection, and were to be held in trust for plaintiffs; and for cash sales defendant should promptly remit. The names, prices, and amounts of fertilizers agreed to be shipped to the defendant under this

contract, were then set out. Defendant was allowed until the first of May thereafter, to elect whether he would pay for the fertilizers in currency or cotton. If the former, he was then to forward his note, accompanied with farmers' notes as collateral. The compensation to be received by the defendant was the difference between the net prices charged him for the goods and the prices at which the defendant should sell them. It was further stipulated that he should guarantee all sales made, etc. .

The plaintiffs' evidence tended to show that the defendant had paid eleven bales of cotton on his note at one time, and four more at another, leaving a balance of 10,940 pounds of cotton due. Cotton was worth 8 1/2 cents per pound at the date the note matured. Defendant also held notes of the value of one hundred dollars, given by various named parties, all of which belonged to the plaintiffs. On the fourth of November he owed plaintiffs 10,940 pounds of cotton, and at that time had on hand notes uncollected to the amount of four hundred dollars; he reported this to the agent of the plaintiffs, by a printed list. Plaintiffs demanded a settlement of the defendant, which he declined to make, unless plaintiffs would settle all differences which existed between them. Plaintiffs then demanded the cotton and notes sued for, which defendant refused to deliver. A witness for plaintiffs, who was their agent in the transaction with defendant, and on whose evidence plaintiffs relied to make out their case, testified that the way he arrived at the amount of cotton Bell collected was by taking the notes Bell had on hand and deducting them from the balance of the cotton due; that Bell told him that the ones sued for were the only notes he had on hand uncollected. It is possible that the defendant might have taken stock in payment of some of the notes, but plaintiffs had nothing to do with the stock; what they wanted was for their notes to be collected. When witness demanded the notes, defendant offered to give them up, as well as the cotton he had on hand, provided witness would give him up this note and settle some old matters that did not have anything to do with this case. This suit was brought for the cotton that he had on hand, and the balance of the notes that had been collected; it was instituted to recover the balance due on defendant's note; and the list of notes

presented contained all that the defendant said he had on hand uncollected. Prices of cotton were then shown. The defendant testified that there were some fifteen or twenty notes in the list which he had, and which were worth about one hundred dollars; that he had not collected any of these — he tried but could not. Does not think the money could be made on such notes by suit. At the conclusion of the evidence for the plaintiffs, defendant's counsel moved the court to award a nonsuit. This motion was refused, and the defendant excepted.

1. No error was committed in refusing to grant the nonsuit. It was very clearly shown by the evidence both for the plaintiffs and defendant that the latter was in possession of certain notes of proved value, described in the petition; that they belonged to the plaintiffs; that they had demanded them from the defendant, which demand had been refused. This was clear proof of conversion of the notes, and entitled the plaintiffs, in any event, to recover such notes or their value. Under the evidence the plaintiffs were not entitled to recover the cotton for which they sued. The defendant offered to show that he had collected three thousand pounds of cotton, but this evidence was objected to, and the evidence excluded, and there was no evidence of any character which showed that the defendant had collected and converted to his own use any part of the cotton for which the action was instituted. It seems to have been the theory of the plaintiffs that, inasmuch as the defendant was entrusted by them with certain notes to collect and these notes were payable in cotton, when they demanded a settlement and received from the defendant a statement of the notes uncollected, this was an admission of the conversion of the cotton represented by the notes not included in the list of those uncollected, and sufficient to authorize a recovery in the action of trover. Not so. There is nothing in the evidence which distinctly shows that the defendant collected any of the notes in cotton, and as the plaintiffs chose to bring their action to recover the cotton alleged to have been collected and converted, it was incumbent upon them to show that the defendant had been in possession of the cotton for which they sued, at some time prior to the institution of the action. This was necessary to prove conversion. The evidence was certainly sufficient to show the existence of

a debt due by defendant; but in this action they were not seeking to collect a debt, but to recover certain specific property to which they claimed title; and while they did not make out a case which entitled them to recover from the defendant any part of the cotton for which they brought suit, yet they did make out a case for the recovery of the promissory notes. Hence the court did not err in refusing to grant a nonsuit.

2. It was offered to be proved by the defendant, that he never did collect but three thousand pounds of cotton on the notes sent him by the plaintiffs, and that he had not collected the amount sued for by the plaintiffs. To the admission of this evidence plaintiffs' counsel objected, on the ground that by giving bond in the case the defendant was estopped from denying that he had the property in possession. We think this ground untenable, and that the court erred in rejecting the evidence. The gist of the action of trover is the conversion of the plaintiffs' property by the defendant, that is to say, that the defendant wrongfully deprived the plaintiffs of possession. In this case the possession, according to the evidence of the plaintiffs, depended entirely upon whether the collection of the promissory notes sent to the defendant by the plaintiffs had in fact been made in cotton, by the defendant. Evidence that they were not collected, or that they were not collected in cotton, or how much cotton was collected on the notes, was certainly admissible. Without some proof of this character, or admission waiving necessity of such proof, the plaintiffs were not entitled to recover the cotton or any part of it. The defense to the action was, that the defendant had not converted the property, that he had never collected nor been in possession of the cotton for which suit was instituted. The claim that this evidence ought not to be admitted, because the defendant by giving bond in the case was estopped from denying that he had the property, can not be maintained. Civil Code, § 4605, prescribes, that when an affidavit for bail is made in connection with the action of trover, it is the duty of the sheriff to take a recognizance payable to the plaintiff or complainant, with security in double the amount sworn to, for the forthcoming of such personal property to answer such judgment, execution, or decree as may be rendered or issued in the case. It is difficult for us to see

any reason why the execution of a bond of this character, when given by the defendant to keep him out of jail, should estop him from denying that he had possession of the property. In the case of *Phillips* v. *Taber*, 83 *Ga.* 570, this court, in referring to the liability of a defendant in an action of trover where he had given a bond of this character, said : "The defendant in a trover case is not liable by reason of having given a bond for the eventual condemnation-money, but for damages in consequence of having converted the plaintiff's property." As we construe the condition of the bond, it simply binds the principal and sureties to produce the property sued for, to answer any judgment or decree which may be rendered in the case, but its execution can not be considered as an admission which would cut off his right to deny ever having been in possession, or having converted the property. Such was not its purpose, nor does it have such a legal effect. Neither the ruling, nor language used in the opinion, in the case of *Warehouse Company* v. *McElhannon*, 98 *Ga.* 394, establishes such a proposition. In our opinion the court erred in rejecting the evidence which was offered.

3. It is also complained that the court rejected evidence of the defendant to the effect that, at the time of the sale of the fertilizers to him, the agent of the plaintiffs stated that he was selling to defendant these fertilizers as cheaply as to any other agent in the county, that, believing these representations to be true, he entered into the contract ; that said representations were untrue, and that the plaintiffs did sell to other agents in the county the same grade of fertilizers sold to defendant, at prices very much lower than those given to the defendant in his contract of purchase. This evidence, we think, was properly rejected. It was, in effect, an effort to recoup the damages which the defendant contended he sustained by reason of the fraud of the plaintiffs. But recoupment in the nature of damages can not be pleaded by the defendant, nor adjudicated, in an action of trover, unless some special equity, such as nonresidence or the insolvency of the plaintiff, is shown, concerning which both the plea and evidence are silent. *Harden* v. *Lang*, 110 *Ga.* 392. See also *Barrow* v. *Mallory*, 89 *Ga.* 76.

4. After the evidence closed, the court directed a verdict in

favor of the plaintiffs for $740 principal, besides interest and cost, to which direction the defendant excepted. From what has been said, it is clear that the direction of a verdict in favor of the plaintiffs was error. As we have attempted to show, the plaintiffs were not entitled to recover any part of the cotton for which they sued, and of course were not entitled to recover the value of it. *Judgment reversed. All the Justices concurring.*