## 12004.  Freeman v. Dunn.

Jenkins, P. J.  In a former decision of this court in this case it was held that the original petition was not subject to general demurrer, and that the amendment offered, which is set forth in the report of the case in 24 Ga. App. 504 (101 S. E. 393), was proper.  This amendment, which was subsequently made, not having materially altered the nature of the cause of action as originally set forth, the renewed demurrer to the petition as amended must be controlled by the previous adjudication. Central of Ga. Ry. Co. v. Waldo, 6 Ga. App. 840 (65 S. E. 1098). Whatever doubt there might have been as to whether the allegation of the original petition, setting up a mutual and unconditional agreement of purchase and sale as to the entire shipment, was or was not negatived by further disclosing the right on the part of the buyer to " approve " the first shipment as conforming in quality with the sample previously furnished, the amendment setting up the additional correspondence plainly indicates a full and complete accord as to the purchase and sale, under these terms, of the entire shipment, for immediate delivery.  The time for performance not being indefinite, since by the terms of the purchase the commodity was intended for immediate delivery, no further demand for shipment was necessary; and the petition was therefore not defective in failing to allege the exact dates of the various demands claimed to have been actually made.

Judgment affirmed. Stephens and Hill, JJ., concur.
Decided May 14, 1921.

Action for breach of contract; from city court of Blakely — Judge Sheffield.  November 15, 1920.

Glessner & Collins, for plaintiff in error.  A. H. Gray, contra.

---

## 12007.  Lowe v. Rush.

Jenkins, P. J.  Where the vendor of an automobile took from the vendee a promissory note for purchase-money, containing the stipulation, " Title of said car to remain in said [vendor] until this note is paid; none of above property can be sold or traded off without consent of said [vendor]," and where, as appears from the vendor's own testimony, the vendee afterwards requested of him permission to trade the car, and the vendor replied, " It is a matter of indifference to me, because this car is not mine, it is your car, your note hasn't matured, I expect you to meet your paper," and the vendee thereupon traded the car to a third person, from whom the original vendor repurchased it, knowing it was the car which he had previously sold to the original vendee, and he afterwards traded it to another person, the original vendor, having consented to the trading of the car by the original vendee, and having ratified such sale by his own conduct, could not maintain an action of bail-trover against the original vendee.  The giving of a forthcoming bond by such vendee in that proceeding did not preclude him from setting up such defense. Bell v. Ober & Sons Co., 111 Ga. 668 (2), 672 (36 S. E. 904). The court did not err in granting a nonsuit. Hall v. Simmons, 125 Ga. 801 (2) (54 S. E. 751).

Judgment affirmed. Stephens and Hill, JJ., concur.
Decided May 14, 1921.

Trover; from Marion superior court — Judge Howard. October 28, 1920.

*George C. Palmer, T. B. Rainey,* for plaintiff.

*W. D. Crawford,* for defendant.

---

12011.  FORD *et al. v.* WATERS *et al.*

JENKINS, P. J.  1. The summary remedy by petition to the ordinary for the removal of an obstruction from a private way as provided in the Civil Code (1910), § 825, is applicable alike to prescriptive ways as described in § 824, and to private ways used for as much as one year where the landowner fails to give 30 days' notice (§ 819). An applicant for the removal of an obstruction from a private way may base his right to relief upon both code-sections; but in the event the applicant prevails and removal of the obstruction is ordered, the judgment of the ordinary should show upon which claim of the applicant it rests,—whether upon a finding that the applicant has a prescriptive right to the way, acquired by seven or more years' user, or upon a finding that the applicant had used the road for as much as one year and the landowner had closed it without giving 30 days' written notice of his intention so to do. *Johnson* v. *Williams,* 138 *Ga.* 853 (2 *a*) (76 S. E. 380). Thus, in order to entitle one who has used and maintained a road as a private way for as much as one year to the notice prescribed by § 819, it is not necessary that the way so used and maintained should have been actually established as a private way under the provisions of the code (§§ 807, 809 et seq.) ; but such a use for only that limited period is sufficient to give to the common user such an inchoate right as will entitle him to the notice mentioned before the landowner will be permitted to close the way. *Johnson* v. *Williams,* 138 *Ga.* 853, 855 (76 S. E. 380) ; *Powell* v. *Amoss,* 85 *Ga.* 273, 275 (11 S. E. 598) ; *Kirkland* v. *Pitman,* 122 *Ga.* 256 (1), 259 (50 S. E. 117).

2. This case, under its facts, is controlled by *Johnson* v. *Williams,* supra. As the earlier decisions in the cases of *Brown* v. *Marshall,* 63 *Ga.* 658, and others were fully considered in the *Johnson* case, and as the *Johnson* case in no wise conflicts with the later cases of *Holloway* v. *Birdsong,* 139 *Ga.* 316 (77 S. E. 146) ; *Rodgers* v. *Stroud,* 141 *Ga.* 559 (81 S. E. 873), and *Forrester* v. *McKaig,* 144 *Ga.* 702 (87 S. E. 1060), all apparently based upon petitions limited to a seven years' prescriptive claim in support of the removal proceedings, this court would not feel justified in granting the request that this case be certified to the Supreme Court for determination.

*Judgment affirmed. Stephens and Hill, JJ., concur.*
DECIDED MAY 14, 1921.

Certiorari; from Worth superior court — Judge Eve. November 5, 1920.

*T. R. Perry,* for plaintiffs in error.

*Passmore & Forehand,* contra.