## HILTON v. ROGERS.

ATKINSON, J. Mrs. Edward Hilton instituted an equitable action against Sarah Rogers. The petition as amended alleged that Sarah Rogers had sued plaintiff, in the municipal court of the city of Macon, for certain wages due her as cook, and that Sarah Rogers, who was insolvent, had stolen from her specified articles of the value of $53; that plaintiff had demanded the return of the goods; which was refused; that plaintiff desired to plead her demand as a set off in the action for wages, but, being based on tort, such plea could not be urged in a court of law. The prayers as amended were: (a) That the suit pending in the municipal court be enjoined, and that the plaintiff therein be ordered to set up her demands in the equitable suit. (b) That plaintiff be allowed to recover "her property stolen by the defendant, and that her set-off be allowed." The judge overruled certain grounds of special demurrer, and dismissed the petition on general demurrer alone. The plaintiff excepted. *Held*:

1. "Damages arising ex delicto can not be set off against a cause of action arising ex contractu, but a defendant sued at law upon a cause of action arising ex contractu may, in equity, set off damages arising ex delicto, when the plaintiff is insolvent or a non-resident. And if the plaintiff's suit is pending in a city court, the defendant, in order to avail himself of such right of equitable set-off, may apply to the superior court as a court of equity, to enjoin the common law proceeding in the city court and take jurisdiction of the entire controversy between the parties and make a decree doing complete justice between them." *Arnold* v. *Carter*, 125 *Ga*. 319-325 (54 S. E. 177); *Hecht* v. *Snook &c Co.*, 114 *Ga*. 921 (41 S. E. 74); *Ray* v. *Anderson*, 119 *Ga*. 926 (47 S. E. 205).

2. Where one wrongfully takes the personal property of another and converts it into money, the latter has a right of action ex delicto for the wrong done him; though he is not restricted to that form of action, but may as a general rule waive the tort and sue in assumpsit as for money had and received to his use. If the wrong-doer after taking the property converts the same to his own use in some other manner than by a sale, and does not receive any money therefor, the owner has a right of action ex delicto against such wrong-doer, and is restricted to this form of action. Civil Code, § 4407; *Craig* v. *Arendale*, 113 *Ga*. 181 (3, 4) (38 S. E. 399).

3. Whether or not it would be proper to refuse to entertain a suit for injunction and other relief where the plaintiff seeks to set off his demand founded on tort against a demand arising in contract, because the plaintiff might have an election to waive the tort and sue on the contract, it would not be proper to refuse the injunction and other equitable relief in this case where it is not alleged that the articles stolen were sold or otherwise converted into money.

4. Applying the principles above stated, the trial court erred in dismissing the petition on general demurrer.

*Judgment reversed. All the Justices concur.*

No. 2504. FEBRUARY 16, 1922.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. February 9, 1921.

*E. W. Maynard,* for plaintiff.　*C. H. Hall,* for defendant.