## QUITMAN COOPERAGE COMPANY *et al. v.* PEOPLES FIRST NATIONAL BANK OF QUITMAN *et al.*

No. 9447.   DECEMBER 15, 1933.

*S. P. Cain,* for plaintiffs.

*Lee W. Branch* and *Harrell & Lilly,* for defendant.

RUSSELL, C. J.   (After stating the foregoing facts.)   The question in this case is whether a suit in the city court of Quitman should have been consolidated with the equitable petition filed in the present case, upon application of the plaintiffs.   Peoples First National Bank of Quitman raised the objections that to consolidate

the cases would be joining the suit upon a note in the city court, which of course is an action ex contractu, with a suit in the nature of an action for a tort, and that the consolidation would bring into the same case parties whose interests were diverse. The judge refused to consolidate the cases, and refused an injunction. He specifically declined to base his judgment on the usual discretion appertaining to the refusal or grant of interlocutory injunctions, but planted it upon his view that the law will not permit the intervention of equity to stay the action in the city court by injunction in order to avoid a multiplicity of suits. We agree that at law generally actions ex contractu and actions ex delicto can not be joined. Civil Code (1910), § 5521. This is an ancient rule of the common law. And yet an exception was first made where insolvency or the non-residence of a defendant intervened, and the necessity where extraordinary equitable remedies alone could supply relief by reason of the strict rule of the common law. The doctrine has been so extended as to include other exceptions where equally adequate and complete remedy could not be afforded at law. "'As to set-off, equity generally follows the law; but if there is an intervening equity not reached by the law, or if the set-off be of an equitable nature, the courts of equity take jurisdiction to enforce the set-off.' § 4593. Insolvency is a distinct equitable ground of set-off. § 4349; *Lee* v. *Lee,* 31 *Ga.* 26 (76 Am. D. 681); *Moody* v. *Ellerbie,* 36 *Ga.* 666; *Tommey* v. *Ellis,* 41 *Ga.* 260; *Camp* v. *Pace,* 42 *Ga.* 161; *Melson* v. *Dickson,* 63 *Ga.* 682 (36 Am. R. 128); *Harwood* v. *Andrews,* 71 *Ga.* 784; *Georgia Seed Co.* v. *Talmadge,* 96 *Ga.* 254 (22 S. E. 1001); *Bell* v. *Ober & Sons Co.,* 111 *Ga.* 668 (36 S. E. 904; *Hilton* v. *Rogers,* 152 *Ga.* 658 (111 S. E. 33). Non-residence is a distinct equitable ground of set-off. *Bibb Land-Lumber Co.* v. *Lima Machine Works,* 104 *Ga.* 116 (30 S. E. 676); *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (41 S. E. 74); *Case Threshing Machine Co.* v. *Thurmond,* 144 *Ga.* 21 (85 S. E. 1020); Civil Code (1910), § 4349. Insolvency and non-residence are not the sole grounds of equitable set-off. They are illustrative, but not all-comprehensive of such grounds. An equitable set-off will be allowed, although the amount is small, and although the party may have a remedy at law, if to recover that small amount he is driven to many suits and to much trouble and expense. *Burns* v. *Hill,* 19 *Ga.* 22 (6). To recover the liability created by section

2220 of the Civil Code (1910), 'the remedy is in equity by a petition brought at the instance of one or more creditors and in behalf of all other creditors who may come in and be made parties plaintiff to the action.' *Hill* v. *Jackson Stores,* 137 *Ga.* 174 (73 S. E. 13). This makes the set-off of such liability one of an equitable nature. The liability imposed by section 2220, supra, constitutes a fund for the benefit of all creditors, so far as the condition of the company renders a resort to it necessary for the payment of its debts. *Hill* v. *Jackson Stores,* supra. Such fund will be treated as a trust fund. Where one who is liable to creditors under § 2220 brings a common-law action on a note given by one of such creditors in renewal of an accommodation note given to a corporation which was organized without its minimum capital stock having been subscribed, the maker of such note can in equity set off the liability of the holder of said note to the maker thereof, growing out of the fact that the holder participated in the organization of such company and the transaction of business in its name without the minimum capital stock having been subscribed.

"A mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, does not deprive equity of jurisdiction. Civil Code (1910), § 4538. Equity by a writ of injunction may restrain proceedings in the same court, and for which no full, complete, and adequate remedy is provided at law. § 5490. Equity seeks to do complete justice, and to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose. § 4522. In view of the issues involved in this case, and the connection of the various defendants with the subject-matter of this suit, the plaintiff's remedy at law is not as full, complete, and adequate as it is in equity; and the court below should have enjoined the proceeding on the law side of the court, so that the rights of the parties in both proceedings could be determined in the instant case. Applying the principles above ruled, the court below erred in sustaining the demurrer to the second count of the petition, and in dismissing the same." *Crandall* v. *Shepard,* 166 *Ga.* 396 (143 S. E. 587).

"The character of the demand does not determine the jurisdiction of the court to entertain the plea of set-off. The right to set off one legal demand against another, other than in cases covered

by our statute, is itself an equitable right, which is not and has never been recognized by a court of law in this State, except in obedience to a statute; and therefore it can be asserted only in a court having jurisdiction in equity matters. The right of a court of equity in this State to take jurisdiction to enforce a set-off extends to cases where there is an intervening equity not reached by the law, or where the set-off is of an equitable nature. See Civil Code [1895], § 3996" (1910, § 4593). *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921, 924 (supra). "If . . one sued in a city court desires by cross-action to obtain affirmative equitable relief, or if the right to maintain a cross-action is dependent upon a purely equitable right, although the cause of action therein may be altogether legal, or if it is necessary for the purpose of his defense that he should appeal to the greater powers of a court of chancery, he can not avail himself of such matters of defense in a city court, but his only remedy is to apply to the superior court as a court of equity to enjoin the common-law proceedings in the city court, and take jurisdiction of the entire controversy between the parties, and make a decree doing complete justice between them." *Hecht* v. *Snook & Austin Furniture Co.,* supra, citing *National Bank* v. *Carlton,* 96 *Ga.* 469 (3) (23 S. E. 388) ; *English* v. *Thorn,* 96 *Ga.* 557 (23 S. E. 843) ; *Moore* v. *Medlock,* 101 *Ga.* 94, 100 (28 S. E. 836). The present decision accords with the decisions in *Wilson* v. *Exchange Bank,* 122 *Ga.* 495 (50 S. E. 357, 69 L. R. A. 97, 2 Ann. Cas. 597), and *Meyer* v. *Hiatt,* 40 *Ga. App.* 583 (150 S. E. 567).

We are of the opinion that the court erred in refusing an interlocutory injunction restraining the proceedings in the city court of Quitman.

*Judgment reversed. All the Justices concur, except Hill, J., absent because of illness.*