18907.   DORAN *et al. v.* WILSON *et al.*

SUBMITTED MARCH 14, 1955—DECIDED APRIL 12, 1955.

*Wm. L. Abney, G. W. Langford,* for plaintiffs in error.
*Frank M. Gleason,* contra.

WYATT, Presiding Justice. ■ The plaintiffs in error state in their brief that there are five questions presented by the petition and demurrer which must be decided by this court. The case will be dealt with as presented by the plaintiffs in error. The first three questions presented they state as follows: "1. Was the sale void because the real estate was prematurely advertised for sale? 2. Was the sale void because the same was bid in by a minor, who executed his note for the sale price, which sum was less than the amount of the indebtedness admitted to be due on the note and security deed? 3. Was the sale void because of provisions of section 37-608 et seq., Code Ann.?"

As we construe the petition in the instant case, these questions are not presented in the case before us. These questions are based upon an apparent misconception as to what the cause of action is that plaintiffs attempt to set out. The question of whether or not the sale should be set aside has already been decided in the Superior Court of Catoosa County, Georgia. The judgment of that court reads in part as follows: ". . . it appearing that the security deed under which said sale was held contained a provision for the exercising of the option to sell under the power contained in said security deed on default of grantors for sixty days upon monthly payments provided for therein, it appearing such sale was advertised before default of 60 days, the said application of Marion J. Doran and Ruth Doran for such confirmation and approval of the sale held on Aug. 3, 1954, is hereby denied and a resale is hereby ordered."

This judgment stands unreversed and can not be collaterally attacked in the manner undertaken in the present action. Whether that judgment is right or wrong is not a question to be decided in this suit, and it will not be considered.

It is contended that the judgment above set out does not set aside the sale, but simply prevents the obtaining of a judgment for the deficiency. We can not agree with this contention. To order a resale because the previous sale was not in accordance with law, can mean nothing except that the previous sale did not amount to a sale at all. It follows there is no merit in these contentions.

■ The fourth question which the plaintiffs in error state will have to be decided by this court is as follows: "4. Were the plaintiffs, James A. Wilson and wife, Lillian G. Wilson, entitled to any relief whatever under the allegations of the petition?" The argument of counsel under this division of the opinion is that the sale of August 3, 1954, under a power contained in the security deed executed by Geoffery D. Wilson and Pernie E. Wilson to Marion and Ruth Doran was a voidable sale and could be voided only by Geoffery D. and Pernie E. Wilson, the grantors in the security deed. This might be true if what were here undertaken were to set aside the sale, and if the contention be true that this was a voidable sale. However, as pointed out in division one of this opinion, the plaintiffs in this case are not trying to set aside a sale; that has already been done in the Superior Court of Catoosa County. But they are seeking, among other things, to recover damages for trespass upon their property and to enjoin a further trespass, and under the allegations of this petition, they are proper parties.

■ Question number five, as stated by the plaintiffs in error, is as follows: "5. Is there a misjoinder of causes of action?" In the instant case, plaintiffs seek damages, injunction, cancellation of a note and security deed, accounting and discovery. While it is true that ordinarily a plaintiff may not seek all these types of relief in a single suit, there are exceptions whenever special equitable reasons appear for permitting it to be done. In the instant case, many equitable reasons appear for permitting the plaintiffs to seek all the relief to which they may be entitled, if any, in a single suit so that all the differences between

the plaintiffs and the defendants can be adjusted and all matters of controversy settled and thus avoid a long series of complicated litigation.

It is alleged in the petition that the defendants are insolvent. This has long been an exception to the rule that actions ex contractu and ex delicto may not be joined in a single suit. See *Lee* v. *Lee,* 31 *Ga.* 26 (76 Am. D. 681) ; *Bell* v. *Ober & Sons Co.,* 111 *Ga.* 668 (36 S. E. 904) ; *Hilton* v. *Rogers,* 152 *Ga.* 658 (111 S. E. 33).

Insolvency is not the only ground for permitting the joining of actions ex delicto and ex contractu. It has been held that, if the remedy at law is not as complete or as effectual as the equitable relief, a mere privelege to sue at law does not deprive equity of jurisdiction. *Quitman Cooperage Co.* v. *People's First Nat. Bank,* 178 *Ga.* 90 (172 S. E. 17). In the instant case, the intervention of equity is required so that the rights of all parties to this proceeding may be determined and protected in this suit. It follows there is no merit in this contention.

■ Other questions that are raised or might have been raised by the pleadings in this case are not argued in this court. We have dealt with this case as presented by the plaintiffs in error. All questions not argued in this court will be considered as abandoned. It follows from what has been said above, the judgment of the court below is affirmed.

*Judgment affirmed. All the Justices concur.*