## CITY OF DALTON *v.* ELK COTTON MILLS *et al.*

It is error to consolidate two or more cases which are not between the same parties and which do not involve the same pleas upon which the same judgment may be rendered.

NOVEMBER 15, 1916.

Consolidation of cases. Before Judge Fite. Whitfield superior court. October 19, 1915.

*M. C. Tarver,* for plaintiff in error.

*C. D. & F. K. McCutchen, Maddox, McCamy & Shumate, W. E. Mann, W. C. Martin, Harris & Harris,* and *J. M. Neel,* contra.

HILL, J. The motion to dismiss the bill of exceptions in this case is without merit.

Mary B. Loughridge brought a suit against the Elk Cotton Mills, and also one against M. D. and H. L. Smith, to recover damages alleged to have been caused by certain sewage matter having been emptied into a stream which runs through the plaintiff's lands. In these suits the plaintiff prayed for damages, and also for injunction to restrain the defendants from committing the tortious acts complained of. On the trial of the cases a verdict was rendered in favor of the plaintiff, and the defendants were enjoined as prayed. Subsequently the plaintiff brought against the same defendants an equitable petition in which the judgments in the former cases were recited, and in which she prayed that the defendants and their officers be attached for contempt of court for violating the order enjoining them from committing the acts of trespass complained of (which charges relating to contempt were stricken by amendment), and for damages for alleged injuries occurring after the rendition of the judgment against defendants, and for their refusal to comply with the judgment of the court, etc. Thereafter the

plaintiff filed an equitable petition against the City of Dalton, in which she prayed that the city be enjoined from polluting in any manner the waters in the stream (the same as in the other suits) which flows through plaintiff's lands, and for other relief. Pending these three actions the plaintiff died, and A. E. Loughridge, as her administrator, was made a party plaintiff in each of them. Afterward, on the petition of the Elk Cotton Mills, the court consolidated the three cases, and referred them to an auditor to hear evidence and report his findings of law and fact governing them. The City of Dalton was not served with notice of the petition to consolidate, but it was presented to the judge in open court, where the City of Dalton, through its counsel, urged oral objections, which were thereafter reduced to writing in the form of an answer to the petition. To the judgment consolidating the three cases, the City of Dalton filed exceptions pendente lite. It is unnecessary to recite subsequent orders with reference to relieving the auditor and appointing his successor, and allowing auditor's fees, etc.; inasmuch as we think that the court erred in consolidating the cases, and consequently that all thereafter done was nugatory.

Our Civil Code makes provision for cases which may be consolidated. Section 5520 declares: "Suits between the same parties, arising under the same contract, involving the same pleas and upon which the same verdict may be rendered, may be consolidated if the aggregate amount does not exceed the jurisdiction of the court." And see section 5419. But the instant case does not fall within the provisions of the section just quoted. Here there are different causes of action. Verdicts and judgments had already been rendered in two of the cases, and the defendants had been enjoined from committing further trespasses. The second suit against them was to recover damages to the realty, and also additional damages by reason of "the bad faith and stubborn litigiousness of the defendant, and its conduct in causing this plaintiff unnecessary expense in securing a right already adjudicated to be her right by the court," etc. It will thus be seen that there had been an adjudication in the former suits that a tort had been committed by the two former defendants, and that the stream should not be further polluted by them. There was an adjudication that the stream had been polluted. There had been no such adjudication against the City of Dalton. The suit against the

City of Dalton was to enjoin it from "constructing said sewer, and from using said sewer, and from polluting in any manner the waters in the spring branch aforesaid that flows through petitioner's land," etc. There was no specific prayer for damages in that case. The defenses filed by the different defendants were also different, and quite naturally and necessarily so, for they stood upon different bases. The City of Dalton in its answer, among other things, averred that the building of its sewerage system was a matter of public necessity, authorized by the laws of Georgia incorporating the city; that upon the proper construction of it depended to a large extent the health of its citizens; that the system was practically completed; that it was perfecting a system by means of which the sewage from the city would be emptied into a sewage-disposal plant of modern construction, and the water flowing from the plant would be odorless and untainted and practically free from sewage matter, etc. On the other hand, one of the other defendants sets up the former adjudication of the case as to the amount of damages awarded to the time of that trial; denies all the material allegations of the petition; and avers that the acts of tort, if committed at all, were produced by the natural sewerage and draining "from the City of Dalton and its some 6,000 inhabitants and numbers of factories," etc. The other defendant by its answer denied that it was or had been contaminating the waters in the stream passing through the premises of the plaintiff, or in any way committing the acts of trespass upon her property, or that it had been stubbornly litigious, etc. Thus it will be seen that the suits do not involve the same pleas between the same parties upon which the same verdict may be rendered, as contemplated by the code section above quoted. It follows, therefore, that the court erred in consolidating the cases.

*Judgment reversed. All the Justices concur.*