## PEACOCK v. STULTS.

PER CURIAM.    A. Peacock brought an equitable petition seeking to enjoin
D. D. Stults from proceeding with the prosecution of a certain suit in
the city court of Bainbridge.    He prayed for transfer of the case to the
superior court, for a temporary restraining order, and for general re-
lief.    Upon the hearing the court dissolved the temporary restraining
order, and dismissed the petition.    The plaintiff excepted.    The peti-
tion alleged, in substance, as follows:    There is pending in the city
court of Bainbridge a suit on a note brought by D. D. Stults against
J. C. McCaskill & Company, a firm composed of J. C. McCaskill and
A. Peacock.    At the time the note was executed Peacock was a silent
member of the firm.    Shortly thereafter, and before the note fell due,
he retired from the firm, selling all of his interest therein to McCas-
kill, who assumed all indebtedness.    Peacock had no knowledge of the
execution of the note, and did not know of its existence until about
seven years thereafter, when payment was demanded of him.    When the
note became due Stults and McCaskill by agreement extended it upon
payment of the interest, without the knowledge or consent of Pea-
cock, who was then not a member of the firm, the dissolution of
which had been given general publicity.    The note was thus extended
from year to year without the knowledge or consent of Peacock.    When
he purchased the note Stults did not know that Peacock was a mem-
ber of the firm, nor did he extend the due date upon any faith in
Peacock, but relied solely upon McCaskill.    About a year before suit
was brought upon the note McCaskill became insolvent, and was ad-

judicated a bankrupt. Stults did not prove the note in bankruptcy, upon agreement between him and McCaskill that if he would not prove it McCaskill would pay it. Stults, by reason of his laches in failing to notify Peacock as to the note, and its extension from time to time for about seven years without the knowledge of Peacock, is estopped from claiming judgment against him. For four or five years of this time McCaskill was a man of large wealth; and had Stults during that time called upon Peacock to pay the note, he could have collected it from McCaskill. Peacock's defense is equitable, and does not arise by virtue of a contract, but is the result of laches on the part of Stults; and the city court of Bainbridge is without jurisdiction. *Held,* that all the rights of the plaintiff as set out in the petition can be lawfully urged as a defense to the suit on the note in the city court of Bainbridge; and therefore it was not error to dissolve the restraining order, and to dismiss the petition for injunction.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
No. 94.   JANUARY 18, 1918.

Petition for injunction. Before Judge Harrell. Decatur superior court. January 6, 1917.

*T. S. Hawes,* for plaintiff.

*J. C. Hale* and *M. E. O'Neal,* for defendant.