## CRANDALL *v.* SHEPARD *et al.; et vice versa.*

1. While individuals can not bind a corporation without express or implied authority from the stockholders or the board of directors, they can bind themselves by organizing and transacting business of the corporation before the minimum capital stock has been subscribed, under the Civil Code, § 2220.

2 Where the plaintiff is seeking to hold all the defendants liable in an amount sufficient to make good the capital stock of the corporation, with interest, and each of the defendants has an interest in the matter common to all of them, which is connected with all other matters involved in the suit, the petition is not multifarious.

3. Against an action at law, brought by one of the organizers and participants referred to in the statute cited above, on a note given by one of the creditors in renewal of an accommodation note given to the corporation so organized without its minimum capital stock subscribed, the maker can set off in equity the liability of the holder of the renewal note under that statute.

4. In view of the issues involved, and the connection of the defendants with the subject-matter of the suit, the plaintiff's remedy at law was not as full, complete, and adequate as in equity.

Nos. 6273, 6324. MARCH 14, 1928. REHEARING DENIED MAY 19, 1928.

Equitable petition. Before Judge Malcolm D. Jones. Peach superior court. September 20, 1927.

Mrs. Alice S. Crandall, for herself and other creditors of the Interlocking Toggle Rim Company, brought her petition against

that company, W. M. Wright, C. E. Martin, George M. Davis, Herman D. Avera, Homer J. Avera, George D. Hartley, R. H. Hartley, and C. L. Shepard, for injunction and relief. The suit was in two counts. In the first count it was alleged that the Rim Company was a Georgia corporation; that its minimum capital stock of $300,-000 was never subscribed; that all the individual defendants except Shepard and George D. Hartley were incorporators; that all of them subscribed for stock, participated in the organization meeting, and transacted business in the name of the corporation; that she is a creditor in a named amount; and that the Rim Company is insolvent.

The second count contained the same allegations, and in addition alleged the following: Petitioner, together with E. L. Avera, H. J. Avera, George M. Davis, and R. H. Hartley, is being sued in Peach superior court on two promissory notes. Her liability thereon arose out of a note made on November 7, 1924, by the Interlocking Toggle Rim Company to George D. Hartley and indorsed by her and her codefendants in that suit. When this note was executed all of the indorsers were stockholders in the Rim Company, and Hartley, the payee, was heavily interested as a stockholder and as a director. Petitioner indorsed the note at the request of Hartley and E. L. Avera, on the representation that the corporation would be able to pay the note which was being made to obtain from the Macon National Bank the sum of $15,000, to enable the corporation to better carry on the business of marketing its product. The notes sued on were without consideration when given to Shepard, because they were signed in ignorance of the fact that petitioner had been discharged as surety on the original note of which these were renewals. Shepard knew of certain specified acts on the part of Hartley and Avera, which had discharged her on the original notes, but withheld that information from her. When the first renewal notes were signed Shepard perpetrated a fraud on plaintiff by telling her that the Macon National Bank was pressing for collection of the first note, when as a matter of fact the note had been transferred to Shepard. Plaintiff signed all the notes with the understanding that all her cosureties, including George D. Hartley, would sign it also. Hartley never did sign it. Before she signed the note sued on, she had, without her knowledge, been released from liability on the first note, because Shepard and George

D. Hartley and E. L. Avera and others had conspired to get rid of all the property of the Rim Company by transferring its letters patent to Shepard, thus putting the property beyond the reach of any judgment she might obtain against the Rim Company, and making that company hopelessly insolvent. Hartley and Avera practiced a fraud on plaintiff when she signed the original note by representing to her that the Rim Company was in splendid financial condition and that she would never have to pay the note. That was untrue.

Procurement of plaintiff's indorsement on this note was planned and schemed, as she alleges, in Shepard's office. Shepard was attorney for the Rim Company and was intimately familiar with all its concerns. Plaintiff was further discharged from the original note because George D. Hartley, her cosurety thereon, was allowed to strike his name from it before he transferred it to Shepard. It was understood that the note was to be used only to get money for the Rim Company from the Macon National Bank, and it was a fraud for Hartley, in violation of that agreement, to transfer the note to Shepard. Shepard ought to be enjoined from prosecuting this suit against plaintiff, George M. Davis, E. L. Avera, H. J. Avera, and R. H. Hartley, because plaintiff's four codefendants in that suit are all parties to this action, and all the parties to that suit are interested in this action, and because in case plaintiff should be forced to pay Shepard in that suit it would be necessary for her to bring a suit against her four codefendants in that action for contribution. The remaining individuals named as defendants in this suit, W. M. Wright, C. E. Martin, Herman D. Avera, and George D. Hartley, are consequentially interested in the other suit, because, if Shepard should recover in that suit, they with her codefendants in that suit would be liable, as organizers of the Rim Company, to reimburse plaintiff the amount of the judgment recovered by Shepard in his suit. Shepard as counsel for the Rim Company settled a case for that company, and, instead of paying over the proceeds to the company, paid part thereof to George D. Hartley individually, and part of it on a note of the Rim Company to him, which he had transferred to a third person. Certain property of the Rim Company was sold and the proceeds sent to Shepard, who, after deducting his fee, paid the remainder over to George D. Hartley. Plaintiff is unable to set off the claims and demands set out against

Shepard and others in the suit of Shepard which is pending against her. The suit by Shepard against her and her codefendants ought to be enjoined for the reason that an injunction would prevent a multiplicity of suits; and all the differences between all the parties should be adjusted in this equitable action. The tax-digest of Peach County shows that Shepard returns property valued at only $1375, and plaintiff is likely to be subjected to irreparable loss if the suit is not enjoined.

The petition was demurred to by all the defendants, generally, and on the ground of multifariousness in that there was a misjoinder of parties defendant and causes of action. There was a special demurrer to the first count, because it was not pointed out what acts the defendants performed in transacting business in the name of the corporation. The same demurrers were urged to the second count; and that count was specially demurred to as being multifarious, in that it disclosed a misjoinder of parties defendant and of causes of action, the causes of action being specifically pointed out in the demurrer. That demurrer challenged the allegations of the petition relating to the other suit, on the ground that they were irrelevant and immaterial; and it also raised the question that the second count was an attempt at an equitable set-off against Shepard, without any intervening equity such as non-residence or insolvency being alleged.

The court passed an order sustaining all the demurrers, but allowing the plaintiff to amend. Both counts of the petition were amended, the amendments being identical. They set out the paragraphs of the charter of the Rim Company specifying the business to be carried on by the corporation and the powers it had with reference to that business, the acts performed by each of the defendants in transacting business in the name of the corporation; and they alleged that certain contracts were entered into by the corporation for the manufacture of its product, that a sales manager and traveling salesmen were employed, and that the company borrowed money and carried on an advertising campaign. With reference to Shepard, it is alleged that he attended the organization meeting at which he seconded a motion to appoint a nominating committee to nominate directors; that at a subsequent meeting of stockholders he made a motion to adjourn; that while a stockholder he transacted business for the company with the manufacturing

company, negotiated with one Balluff about the manufacturing contract, and collected and paid out certain money of and for the corporation. Herman D. Avera and Homer J. Avera were incorporators named in the application for incorporation. The other defendants, E. L. Avera, W. M. Wright, C. E. Martin, George M. Davis, and George D. Hartley, are alleged in the amendments to have been officers and directors of the corporation; and it is alleged that they did various acts constituting a transaction of business in the name of the corporation, such as executing notes, making contracts, and the like.

When the amendments were presented all the defendants renewed their demurrers to the petition. Shepard renewed his former demurrer, and filed a demurrer to the petition as amended. This demurrer made the point that nothing in either count of the petition as amended showed any liability of Shepard, and that the facts alleged did not constitute any participation even in the organization of the corporation; the point that it is not alleged that he did anything as an officer or director of the corporation; and the point that it affirmatively appears that he was merely an attorney for the company, and that any act he did for the company was as its attorney and was therefore not such a transaction of business in the name of the company as would subject him to liability under the statute.

The court passed an order overruling all the demurrers to the first count, and sustaining all the demurrers to the second count. The plaintiff excepted to the latter ruling; and the defendants by cross-bill excepted to the refusal to sustain the demurrers to the first count.

*Duncan & Nunn, Brown & Brown, Mathews & Houser,* and *Brock, Sparks & Russell,* for plaintiff.

*Herbert Vining, Park & Strozier, Hall, Grice & Bloch,* and *G. B. Culpepper Jr.,* for defendants.

HINES, J. 1. "Persons who organize a company and transact business in its name, before the minimum capital stock has been subscribed for, are liable to creditors to make good the minimum capital stock with interest." Civil Code (1910), § 2220. Under that section, all persons who participate in the organization of the corporation and the transaction of business in its name, before the minimum capital stock has been subscribed for, although they be

not directors or officers of the corporation, are liable to creditors to make good the minimum capital stock, with interest. This is the plain meaning of the statute. *John V. Farwell Company* v. *Jackson Stores,* 137 *Ga.* 174 (3) (73 S. E. 13) ; *Smith* v. *Citizens & Southern Bank,* 148 *Ga.* 764 (98 S. E. 466) ; *Athens Apartment Corporation* v. *Hill,* 156 *Ga.* 437 (119 S. E. 631). In these circumstances, while individual stockholders can not bind the corporation unless expressly or impliedly authorized by the stockholders or the board of directors to act as agents of the corporation, they can bind themselves by organizing the corporation and transacting business in its name, when the minimum capital stock has not been subscribed. Applying the above principles, the court below did not err in overruling the demurrer to the first count of the petition.

2. The petition is not multifarious because all of the defendants are not interested in all of the matters involved in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that this common matter is connected with the others. *Blaisdell* v. *Bohr,* 68 *Ga.* 56; *Brown* v. *Wilcox,* 147 *Ga.* 546 (4) (94 S. E. 993) ; *Cook* v. *Georgia Fertilizer &c. Co.,* 154 *Ga.* 41 (113 S. E. 145) ; *Cowan* v. *Nicholson,* 158 *Ga.* 425 (123 S. E. 681). The plaintiff is seeking to hold all of the defendants liable in an amount sufficient to make good the minimum capital stock of the corporation, with interest thereon; and each of the defendants has an interest in this matter, which is common to all, and which is connected with the other matters involved in this suit. A suit in equity based on separate and distinct claims against different persons, where there is no common right to be established, will be dismissed on demurrer on the ground of multifariousness. *George W. Muller &c. Co.* v. *Southern Seating &c. Co.,* 147 *Ga.* 106 (92 S. E. 884) ; *Payne* v. *West Point Grocery Co.,* 151 *Ga.* 46 (105 S. E. 608). In the instant case, however, the suit is not based on separate and distinct claims, but is brought to enforce claims of the plaintiff and other creditors against the defendants, and a joint liability of all the defendants to the plaintiff and other creditors growing out of the fact that the defendants organized this company and transacted business in its name before the minimum capital stock had been subscribed, and to enforce a liability of two of the defendants to the plaintiff and other creditors, growing out of the misapplication of funds of said business, which

26

should have been applied to the claims of such creditors which arose while said business was being so conducted. In these circumstances a common right of all the creditors was sought to be established, and equity has jurisdiction to determine the whole matter in one suit. Civil Code (1910), § 5419.

3. "As to set-off, equity generally follows the law; but if there is an intervening equity not reached by the law, or if the set-off be of an equitable nature, the courts of equity take jurisdiction to enforce the set-off." Civil Code (1910), § 4593. Insolvency is a distinct equitable ground of set-off. § 4349; *Lee* v. *Lee,* 31 *Ga.* 26 (76 Am. D. 681); *Moody* v. *Ellerbie,* 36 *Ga.* 666; *Tommey* v. *Ellis,* 41 *Ga.* 260; *Camp* v. *Pace,* 42 *Ga.* 161; *Melson* v. *Dickson,* 63 *Ga.* 682 (36 Am. R. 128); *Harwood* v. *Andrews,* 71 *Ga.* 784; *Georgia Seed Co.* v. *Talmadge,* 96 *Ga.* 254 (22 S. .E. 1001); *Bell* v. *Ober & Sons Co.,* 111 *Ga.* 668 (36 S. E. 904); *Hilton* v. *Rogers,* 152 *Ga.* 658 (111 S. E. 33). Non-residence is a distinct equitable ground of set-off. *Bibb Land-Lumber Co.* v. *Lima Machine Works,* 104 *Ga.* 116 (30 S. E. 676); *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (41 S. E. 74); *Case Threshing Machine Co.* v. *Thurmond,* 144 *Ga.* 21 (85 S. E. 1020); Civil Code (1910), § 4349. Insolvency and nonresidence are not the sole grounds of equitable set-off. They are illustrative, but not all-comprehensive of such grounds. An equitable set-off will be allowed, although the amount is small, and although the party may have a remedy at law, if to recover that small amount he is driven to many suits and to much trouble and expense. *Burns* v. *Hill,* 19 *Ga.* 22 (6). To recover the liability created by section 2220 of the Civil Code (1910), "the remedy is in equity by a petition brought at the instance of one or more creditors and in behalf of all other creditors who may come in and be made parties plaintiff to the action." *Hill* v. *Jackson Stores,* 137 *Ga.* 174 (73 S. E. 13). This makes the set-off of such liability one of an equitable nature. The liability imposed by section 2220, supra, constitutes a fund for the benefit of all creditors, so far as the condition of the company renders a resort to it necessary for the payment of its debts. *Hill* v. *Jackson Stores,* supra. Such fund will be treated as a trust fund. Where one who is liable to creditors under § 2220 brings a common-law action on a note given by one of such creditors in renewal of an accommodation note given to a corporation which was organized without its minimum

capital stock having been subscribed, the maker of such note can in equity set off the liability of the holder of said note to the maker thereof, growing out of the fact that the holder participated in the organization of such company and the transaction of business in its name without the minimum capital stock having been subscribed.

4. A mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, does not deprive equity of jurisdiction. Civil Code (1910), § 4538. Equity by a writ of injunction may restrain proceedings in the same court, and for which no full, complete, and adequate remedy is provided at law. § 5490. Equity seeks to do complete justice, and to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose. § 4522. In view of the issues involved in this case, and the connection of the various defendants with the subject-matter of this suit, the plaintiff's remedy at law is not as full, complete, and adequate as it is in equity; and the court below should have enjoined the proceeding on the law side of the court, so that the rights of the parties in both proceedings could be determined in the instant case.

Applying the principles above ruled, the court below erred in sustaining the demurrer to the second count of the petition, and in dismissing the same.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Atkinson and Hill, JJ., disqualified.*