A petition for cancellation of a judgment, and for injunction against garnishment, stated a cause of action as against the demurrer.
 No. 14142. NOVEMBER 10, 1942.
M. V. Huling brought in Fulton superior court his petition against his former wife, Mrs. Pauline Huling, in which he prayed that she be enjoined from proceeding with her garnishment against his employer; that she be enjoined from suing out further garnishments; that the garnishment proceeding pending in said court be consolidated with this case; that the garnishee be relieved of answering the garnishment; that the garnishee be authorized to pay the petitioner for his services; that the judgment of Clarke superior court, in so far as alimony is concerned, be decreed to have been fully satisfied; that the garnishment proceeding be dismissed; and for other and further relief as may be necessary. The allegations of the petition were substantially as follows: On October 16, 1941, the defendant filed an affidavit and bond for garnishment, upon which summons was issued and served upon the plaintiff's employer as garnishee, returnable to the January term, 1941, of Fulton superior court. In the affidavit for garnishment it was alleged that M. V. Huling was indebted to Mrs. Pauline Huling in the sum of $600 by virtue of a judgment rendered against him in her favor in Clarke superior court. On January 30, 1937, Mrs. Huling filed in that court her petition against her husband for alimony. On February 9, 1937, the parties entered into a written agreement (a copy of which was attached) whereby the husband agreed to pay the wife $25 per month for her support and $50 per month for the support of their minor daughter until the latter should marry or become twenty-one years of age. It was therein provided that the contract "shall be incorporated in and made a part of the verdict and decree of the superior court of Clarke County, Georgia, in the above-stated case," the contract being captioned in the alimony case number 7301, and an order of the judge of Clarke Superior Court thereon recited: "The foregoing contract having been made between the parties in settlement of alimony, it is ordered that the same be and it is hereby made the order and *Page 820 
judgment of this court. This 16th day of March, 1937. Blanton Fortson, Judge S.C. W. C." On the last-mentioned date Mrs. Huling filed in Clarke superior court her petition for divorce and custody of their minor daughter, which, in paragraph 6, alleged: "Petitioner shows that alimony has been settled by agreement between petitioner and defendant, and that said agreement has been made the order of the court." However, the latter petition did not contain any prayer for alimony. The verdict rendered in Clarke superior court on October 4, 1937, was captioned in the name and number (7301) of the alimony case, purporting to be a second verdict granting total divorce and fixing alimony in the amounts agreed in the contract, but this verdict was attached to and filed with the papers in the divorce case. A decree was rendered on October 4, 1937, in the divorce case (No. 7328), granting a total divorce and awarding the same amounts as permanent alimony. It is set out in the petition that the verdict, as a verdict in the alimony case, is void for the reason that a divorce petition had theretofore been filed; that it is not a valid verdict in the divorce case as a verdict awarding alimony, for the reason that the divorce case does not contain any prayer for alimony; and that the decree in the divorce case is likewise void in so far as alimony is concerned, for the same reasons. The petitioner alleged that there is no valid judgment on which a garnishment can be based, except the order setting up the terms of the contract as the judgment of the court; and that the alimony judgment has been fully complied with and satisfied by petitioner in so far as support for the minor child is concerned, and that all liability for alimony to Mrs. Pauline Huling for herself has been satisfied, for that on September 19, 1939, at which time he had paid her all amounts due on alimony, it was agreed between them in writing that upon his payment to her of $137.50 she would release him from further liability for alimony for herself, a copy of which agreement was attached, signed by Pauline Elder Huling, as follows: "Tuesday Night, 9/19/39. Dear Marvin: I hereby agree to release you of any and all obligation of alimony, as far as I am concerned, on receipt of $137.50 (one hundred and thirty-seven dollars and fifty cents). Thanks for all you have done, and lots of good luck to you. Always." He alleged, that he made such settlement by his check dated September 21, 1939, which was indorsed and cashed *Page 821 
by Mrs. Pauline E. Huling, and since that time he had never heard of any further claim for alimony until the present garnishment; that after the said settlement he continued to pay the monthly allowance for the support of his daughter to January, 1941, when the daughter married, and, although his daughter later separated from her husband from that time, he had paid for her education and maintenance; that no execution had been issued from Clarke superior court, based on the judgment and decree; that the garnishment proceeding was annoying, and would probably result in the loss of his employment; and that the defendant is insolvent, and the plaintiff will suffer irreparable damage unless equity intervenes to restrain the illegal acts of which he complains.
The defendant filed her demurrer as follows: "Plaintiff's petition shows on its face that he has a claim [plain?], adequate, and complete remedy at law by filing a claim to the funds, and that said petition fails to set forth any ground for equitable relief." The judge sustained the demurrer and dismissed the case; and the plaintiff excepted.
While the judgment in Clarke County (referred to in the statement of facts) was not void ab initio, nevertheless the petition should have been entertained as one in equity, seeking to cancel the judgment as having become satisfied by payment of the amount recited in the record. The statutory remedies of claim, as provided for under the act of 1871-72, p. 50, section 1 (Code, § 46-402), and under the act of 1877, p. 22 (§ 39-801), are given only to a person not a party to the proceeding upon which the garnishment or execution is based.Zimmerman v. Tucker, 64 Ga. 432, 434. The claim of exemption of wages from garnishment, based upon the Code, § 46-208, is ineffective against a decree for alimony. Bates v.Bates, 74 Ga. 105; Caldwell v. Central of Georgia RailwayCo., 158 Ga. 392 (123 S.E. 708). Nor will an affidavit of illegality reach this situation, because at the time the garnishment proceeding was instituted no execution had been issued on the judgment upon which to base it. Code, § 39-1001;Tanner v. Wilson, 183 Ga. 53, 57 (187 S.E. 625). While equity will not enjoin garnishment merely because of annoyance by repetition (Raines v. Raines, 138 Ga. 790 (6), 76 S.E. 61;Banda v. Banda, *Page 822 192 Ga. 5 (2), 6, 14 S.E.2d 479), since it is based upon a judgment which upon the allegations of the petition was subject to be canceled, the garnishment will be arrested pending the proceeding to cancel. Since there is no adequate and complete remedy at law, for the reasons hereinabove stated, equity will enjoin enforcement of a judgment and decree its satisfaction where it has been paid.
2. Under the Code, § 3-202, the venue was properly laid in Fulton County, for the reason that it appears from the petition that the defendant, against whom substantial relief was prayed, was either a resident of Fulton County or a non-resident, and that service had been perfected upon her, and that the petition was seeking an injunction to stay proceedings in the county where they are pending, no relief being prayed as to matters not included in the pending litigation in Fulton County.
3. Applying the principles stated above to the facts of the instant case, the judge erred in dismissing the action on general demurrer.
Judgment reversed. All the Justices concur.