21062. CROWE *et al.* v. STATE HIGHWAY DEPARTMENT.

Argued October 10, 1960—Decided November 10, 1960.

*Allison, Pittard & Webb, Chas. C. Pittard, Jones Webb,* for plaintiffs in error.

*Dudley S. Hancock, Eugene Cook, Attorney-General, Carter Goode, Paul Miller, Assistant Attorneys-General,* contra.

ALMAND, Justice. The bill of exceptions assigns error on the overruling of the general demurrers of the defendants to the equitable petition of the plaintiff, seeking to restrain the several defendants from prosecuting their several motions in Gwinnett Superior Court for a judgment for each defendant in the amount of the award entered in condemnation cases after appeals by the plaintiff had been dismissed.

The petition of the plaintiff, the State Highway Department of Georgia, in substance alleged: The Highway Department in 1956 purposed to widen, improve, and resurface an existing State-aid road that ran through the Town of Dacula in Gwinnett County; and to facilitate the resurfacing and widening of this highway, it was necessary to secure a slight additional right-of-way in fee simple, varying in width from one to twelve feet along a part of the highway in or near Dacula. The Highway Department instituted separate condemnation actions against the seven defendants who were the individual owners of the seven parcels of land abutting the present highway. Assessors were appointed, and they made seven awards, fixing the value of the property sought to be condemned. The Highway

Department filed an appeal in each of the cases to Gwinnett Superior Court without depositing the amount of the awards with the clerk of the court. On March 14, 1957, the Highway Department dismissed the seven cases on appeal. It was alleged that the Highway Department determined that it could resurface the highway without taking any of the properties of the defendants and did so without damage or injury to their properties. It was further alleged that the defendants stood by from March, 1957, to March, 1960, while the Highway Department spent some $974,021.38 in the reconstruction and resurfacing of the highway within the restricted right-of-way—without offering any objection and without putting the Highway Department on notice that it would be requested to pay for the land originally sought to be condemned, when such lands were never taken.

The petition further alleged that in March, 1960, each of the seven defendants "in collusion and conspiracy, for unjust enrichment at public expense," filed a motion in the appeal cases, which had been dismissed, for a judgment for the amount of the award in each condemnation case. It was alleged that, by assent of the defendants for a period of three years as to the dismissal of the appeals, and by their acquiescence in such dismissals and by standing by while the Department spent large sums of money in resurfacing the highway adjacent to their properties, they were estopped from pursuing their motions for judgments on the awards in the condemnation cases. The plaintiff alleged that the determination of the issues raised in one equitable action will prevent a multiplicity of suits.

The prayers were that the defendants be enjoined, temporarily and permanently, from further prosecuting their separate motions.

Among the several grounds of general demurrers of the defendants, were the contentions that (a) the petition did not state a cause of action for equitable relief, and (b) the petition shows that the plaintiff had an adequate remedy at law.

These grounds of the general demurrers were well taken and should have been sustained.

■ Equity will not enjoin the prosecution of a suit at law unless there has been some intervening equity or other proper de-

■

fense of which the party without his fault cannot avail himself at law. *Code* § 55-103; *Waters v. Waters*, 124 Ga. 349 (4) (52 S. E. 425) ; *Reynolds Banking Co. v. Southern Pacific Guano Co.*, 140 Ga. 498 (2) (79 S. E. 132). The grounds upon which the plaintiff asserts that separate pending motions in the several proceedings for judgment on the awards made in the condemnations, in the appeal cases, should be enjoined, namely laches, estoppel, and unjust enrichment, can be asserted in the hearing and on the trial of these motions. It is not necessary that equity intervene to hear and determine these issues, when it is plain that they can be asserted at law where these motions pend. See *Peacock v. Stults*, 147 Ga. 559 (94 S. E. 884) ; *Martin v. Fulton County*, 213 Ga. 761 (101 S. E. 2d 716); *Oconee River Mills v. Continental Insurance Co.*, 20 Ga. App. 230 (92 S. E. 967).

■ It is asserted that equity should intervene in order to prevent a multiplicity of suits, and since the questions raised by the petition are common to all the defendants, equity should determine them in one action.

The general test, in determining whether cases can be consolidated or whether a suit in equity will lie to enjoin actions at law and thus try the issues in the equity suit, is whether the several suits could have been joined originally and this depends on whether a misjoinder or multifariousness would result. *Sanders v. Wilson*, 193 Ga. 393 (18 S. E. 2d 765). Here we have seven condemnation actions against seven individual defendants seeking to condemn their separate properties. Seven separate awards were made. The condemnor filed seven appeals.

We know of no law that would require or authorize the trial of these separate appeals at one time before the same jury. There is no community of interests of the condemnees as to value or fixing the amount of consequential damages or benefits; for, as appears in this case, some of the property sought to be condemned was improved, and some was unimproved. Since there could be no consolidation of the appeal cases, it follows that separate motions of the defendants for judgment on the award in each of the cases on appeal could not be consolidated. Compare *Payne v. West Point Wholesale Grocery Co.*, 151 Ga. 46 (105 S. E. 608).

For the reasons above set forth, the trial court erred in overruling the general demurrers of the defendants.

*Judgment reversed. All the Justices concur.*