630

23256. FOWLER et al., by Guardian ad litem v.
STANSELL et al.

SUBMITTED DECEMBER 13, 1965—DECIDED JANUARY 6, 1966.

*Joseph E. Loggins, Clower & Royal, E. J. Clower, Robert L. Royal,* for appellants.

*T. J. Espy, Jr., Frank M. Gleason,* for appellees.

MOBLEY, Justice. The appeal is from a judgment of the Superior Court of Chattooga County overruling the general demurrer to the petition filed by three partners in a furniture and appliance business against Eugenia and Donna Fowler who had obtained a judgment for $50,536.70 against one of the partners, Stansell, for the wrongful death of their father in the City Court of Chattooga County, in which a temporary and permanent injunction was sought against the defendants, including the sheriff and his deputy, from proceeding with levy and sale of their partnership property and seeking an order restoring their business to them. Stansell appealed the judgment obtained against him and filed a pauper's affidavit, being unable to post a supersedeas bond for the amount of $41,000. The minor defendants filed a traverse to the affidavit, and the issue was heard. The trial court ordered plaintiff to put up a supersedeas bond for a lower amount of $20,000. Again, plaintiff filed a pauper's affidavit on the ground that he could not put up bond even for the reduced amount. The defendants again traversed the affidavit and the trial court entered an order striking it on the ground that plaintiff was financially able to make a supersedeas bond for $20,000. On the same day, October 19, 1965, and immediately following this order, the Sheriff of Chattooga County, John Frank McConnell, acting through his deputy, Elbert Tucker, made a levy upon a furniture store owned by Stansell and two other plaintiffs, R. L. Puckett and Don Oliver, and closed and locked up the store.

1. The petition which alleged the above stated facts, among others, states a cause of action for the equitable relief sought. It alleges that the levy was null and void and constituted an illegal seizure of petitioners' property since the filing of the pauper's affidavit resulted in a supersedeas of the judgment for damages and any proceeding to levy upon their property. *Code Ann.* § 6-1003 (Ga. L. 1965, pp. 18, 23). The affidavit in forma pauperis is not subject to traverse and thus the order of the trial court dismissing it was contrary to law. *Hines v. Rosser*, 27 Ga. 85, 87; *Wever v. Wever*, 191 Ga. 241 (12 SE2d 636). It follows that the levy of the property was entirely illegal and a nullity.

Contrary to the contentions of the appellants, the appellees have no complete and adequate remedy at law. It is apparent that the only legal remedies available of any value are the filing of a claim under *Code* § 39-801 and the filing of an affidavit of illegality under *Code* § 39-1001.

Since appellees are partners in the business levied upon and since only one of them, Stansell, is liable under the judgment for damages for wrongful death, only Stansell could file an affidavit of illegality. *Wilson v. City of Eatonton*, 180 Ga. 598 (4) (180 SE 227); *Walker v. Equitable Mortgage Co.*, 112 Ga. 645 (37 SE 862); *Williams v. General Finance Corp.*, 98 Ga. App. 31, 36 (2) (104 SE2d 649). The two other partners would have to file their own separate claim suits. *Code* § 39-801; *Zimmerman v. Tucker*, 64 Ga. 432, 434; *Huling v. Huling*, 194 Ga. 819, 821 (22 SE2d 832). Thus, three separate actions would be necessary at law. But where there is a common right, such as the right of petitioners as partners to the partnership property, equity will take jurisdiction in order to avoid a multiplicity of suits. *Code* § 37-1007; *Crowe v. State Hwy. Dept.*, 216 Ga. 464 (2) (117 SE2d 158); *Knox v. Reese*, 149 Ga. 379 (100 SE 371); *White v. North Georgia Electric Co.*, 128 Ga. 539 (1, 2) (58 SE 33).

It is also alleged that the defendants, Eugenia and Donna Fowler, are insolvent and that because of this and the fact that their business has been closed and locked by the sheriff and his deputy, petitioners are suffering irreparable damages.

It is alleged that the closing up of their business will result in the complete destruction of the partnership assets as a going concern since much of their business involves sales on account and such accounts must be enforced constantly and the petitioners do not have access to their books and records because of the closing. These allegations are sufficient to show that irreparable damage will result to petitioners if their business remains closed as the defendants would not be able to respond in an action for money damages based upon the illegal seizure and closing of the business.

Appellants' final general demurrer is based upon the ground that the petition is merely seeking to obtain a review by the superior court of the suit for damages in the city court. This demurrer is wholly without merit as the petition clearly seeks an injunction and other equitable relief and is not seeking a review of the proceedings in the city court.

For the foregoing reasons we hold that the lower court did not err in overruling the general demurrers to the petition.

*Judgment affirmed. All the Justices concur.*