23359. FOWLER et al., by Guardian ad Litem v. STANSELL et al.

Submitted February 14, 1966—Decided March 10, 1966.

*Joseph E. Loggins, Clower & Royal, E. J. Clower, Robert L. Royal,* for appellants.

*T. J. Espey, Jr., Frank M. Gleason,* for appellees.

Almand, Justice. This appeal is from orders sustaining one ground of general demurrers by two defendants to an equitable petition. The petition was brought by Eugenia and Donna Fowler, minors, by their mother as next friend, and alleged in sub-

stance the following: that on their petition brought against the defendant Earl Stansell in the City Court of Chattooga, Georgia, for the alleged homicide of their father, they recovered a judgment for $50,563.70 on which an execution was issued; that Stansell filed a notice of appeal from the verdict and judgment to the Court of Appeals; that he attempted to supersede said judgment by filing a pauper's affidavit; that the judge of the city court struck Stansell's pauper's affidavit and when he failed to give a bond, the execution was levied upon Stansell's business property. Thereafter on a petition by Stansell, a judge of the superior court granted a temporary injunction restraining the sheriff from proceeding with said execution. This order was affirmed by this court in January, 1966, in *Fowler v. Stansell*, 221 Ga. 630 (146 SE2d 726).

It was alleged that Stansell has subsequently sold his interest in the S. & W. Furniture Exchange in Summerville, Ga., to his partner the defendant Oscar Woods for the sum of $15,000, which money was delivered to the defendant Sprayberry who in turn delivered said sum to the defendant Mrs. Earl Stansell. Plaintiffs alleged that all of these transactions were fraudulent and made with the intention on the part of the defendants to defeat the collection of the plaintiffs' judgment against the defendant Earl Stansell. The prayers were (1) to enjoin Stansell and Woods from disposing of their assets; (2) to require Mrs. Stansell to pay into the registry of the court the sum of $15,000; and (3) to set aside the sale from Stansell to Woods.

To this petition, the defendants, Mr. and Mrs. Earl Stansell and H. F. Sprayberry, filed their general and special demurrers. The first grounds of their general demurrers were as follows: "1. There is no fact or thing set forth in said petition which would entitle the plaintiffs to the relief sought or any other relief. 2. The plaintiffs have a full, complete and adequate remedy at law. 3. It appears from the allegations of said petition that the case in which said judgment was rendered has been appealed to the Court of Appeals of Georgia and that said case is now pending in the Court of Appeals and that court has exclusive jurisdiction of the case and the Superior Court of Chat-

tooga County is without jurisdiction of such case. 4. It appears from 'Exhibit A' attached hereto that the plaintiffs in this case have been enjoined by the Superior Court of Chattooga County from proceeding further with such execution until the hearing of Case No. 3846 in the Superior Court of Chattooga County and that the plaintiffs are enjoined by the order of the Superior Court of Chattooga County as aforesaid from proceeding further with such execution." The court overruled the first three grounds but sustained ground number 4.

To the demurrers of the defendant Woods, the court entered the following order: "the within demurrer coming to be heard and after hearing general demurrers it is hereby ordered that the general demurrer be sustained upon the theory that the order passed by the superior court on October 21, 1965, and continued in affect [sic] [by?] the order of October 25, 1965, would be offended or violated by any order [incumbert?] with the same and with its provisions that the judgment and execution proceed no further until the final hearing. No other grounds of the demurrer were passed on." Error is enumerated upon these two orders.

It is clear from plaintiff's petition that at the time they instituted the present action, the trial court had issued an order in the case of Fowler v. Stansell, No. 3857, enjoining the plaintiffs in that case from proceeding with the levy made upon the execution from the city court until further order of the court, and said order was still in force. It does not appear that a final judgment has been rendered in the Court of Appeals in the appeal of Earl Stansell. The trial court in sustaining the demurrer did not dismiss the suit against any defendant. We construe the effect of his order as a stay in the proceedings in the present case as long as the interlocutory injunction in the former case, restraining the plaintiffs from proceeding any further with the enforcement of the execution against the defendant Earl Stansell, remains of force and effect.

The trial judge correctly concluded that to allow the present case to proceed would offend the restraining order, and his order staying or abating the present suit was proper.

*Judgment affirmed. All the Justices concur.*